# CASES DETERMINED

## *August Term, 1884.*

---

McCARTY vs. THE BOARD OF SUPERVISORS OF ASHLAND COUNTY.

*September 2 — September 23, 1884.*

*Removal of county clerk — Certiorari — Parties — Appeal.*

1. The county board is not a *party* to the proceedings by which it removes the county clerk upon charges of misconduct (under sec. 974, R. S.), but is the *tribunal* before which such proceedings are had; nor is it a party to the action instituted by a writ of *certiorari* to review such proceedings. It cannot, therefore, appeal from the order or judgment of the circuit court reversing its determination.

2. The person preferring such charges is the proper party to conduct the prosecution thereof, and to take such appeal.

[3. What the rule would be should the board, on its own motion, remove the clerk for incompetency, is not determined.]

APPEAL from the Circuit Court for *Ashland* County.

The facts are stated in the opinion.

In support of the motion to dismiss the appeal there was a brief for the respondent by *Miles & Merrill*, and oral argument by *Mr. Miles.*

For the appellant there was a brief by *Knight & Hayes*, and oral argument by *Mr. J. O. Hayes.*

LYON, J. The respondent, *John McCarty*, being the county clerk of Ashland county, charges of official miscon-

duct were preferred against him to the appellant, the board of supervisors of that county, by J. O. Hayes, a resident and tax-payer of the county. After hearing the charges the board made an order in due form for the removal of the respondent from his said office.

The respondent sued out a writ of *certiorari*, and removed the proceedings and order of the board to the circuit court for review. That court reversed the order and determination of the board of supervisors. Thereupon the board appealed to this court from the order or judgment of the circuit court in that behalf. The respondent now moves to dismiss such appeal, on the ground that the board have no legal right to take it.

The proceedings were had under R. S., 322, sec. 974, which provides as follows: " The county board of any county may remove the county clerk by a vote of two thirds of all the supervisors entitled to seats in such board, when, in their opinion, he is incompetent to execute properly the duties of his office, or when, on charges and evidence, it shall appear to such board that he has been guilty of official misconduct, or habitual or wilful neglect of duty, such as ought in their opinion to cause his removal; but no such clerk shall be removed for such misconduct or neglect unless charges thereof have been preferred to said board, and notice of the hearing, with a copy of the charges, shall have been delivered to such clerk, and a reasonable opportunity given to him to be heard in his defense."

This section authorizes the board to remove the county clerk summarily, without specific charges, and on its own motion, for *incompetency*, and for that alone. It also authorizes the board to remove that officer for official misconduct, or habitual or wilful neglect of duty. But this can only be done on charges and evidence, after service upon the clerk of a copy of the charges and notice of the hearing, and after reasonable opportunity has been given him to be

heard in his defense. These proceedings were had under the latter clause of the section.

It cannot be doubted that Mr. Hayes was a competent person to make the charges. Having made them, he was the proper person to conduct the prosecution against the clerk; but the board is not a party to the proceedings. It is but the tribunal before which the proceedings were had. In substance and effect, the charges were made and the proceedings had in behalf of the state. In the circuit court, the true title of the action instituted by the issue and service of the writ of *certiorari* is, "*John McCarty, Plaintiff in Error, vs. The State of Wisconsin, on the relation of J. O. Hayes, Defendant in Error.*" The board of supervisors have no more right to appeal from the order or judgment of the circuit court than a justice of the peace would have to appeal from a judgment of the same court reversing one of his judgments on *certiorari.* What the rule would be should the board, on its own motion, remove the clerk for incompetency, is not determined.

The right of appeal is confined to a party to an action or special proceeding, and Mr. Hayes — not the board of supervisors — is the party to these proceedings. The motion must be granted.

*By the Court.*— Appeal dismissed.