RAYMOND v. CLAY COUNTY.

1. **Highway**: ESTABLISHMENT OF: APPEAL BY CLAIMANT FOR DAMAGES: WHO IS DEFENDANT. Where a claimant for damages appeals from order establishing a highway, in which no damages are allowed him, and no damages are ordered to be paid out of the county treasury, the notice of appeal should be served on the county auditor, and the county should be regarded as defendant, as it may, in further proceedings, become liable for damages and costs; and in such case the petitioners ought not to be served with notice of the appeal. Compare Code, § § 959, 961.

*Appeal from Clay Circuit Court.*

FRIDAY, DECEMBER '18.

PROCEEDINGS to establish a road had before the supervisors. Upon an appeal to the circuit court, judgment was entered for plaintiff. Defendant appeals.

*Parker & Richardson*, for appellant.

No appearance for appellee.

BECK, CH. J.—I. The plaintiff filed a claim before the board of supervisors for damages to the amount of $25, arising by reason of the location of the road upon his land. The claim was rejected, and thereupon plaintiff appealed to the circuit court, serving notice of appeal only upon the supervisors. The defendant moved to dismiss the appeal on the grounds that none of the petitioners were served with

notice of the appeal, and the county is not a proper party defendant to the proceedings. The motion was overruled, and plaintiff appeals to this court. The amount in controversy being less than $25, the case comes here upon the following certificate of the judge of the circuit court: "I hereby certify that the following questions of law arise in the above-entitled cause, upon which it is desired by the court to have the opinion of the supreme court of the state of Iowa, to-wit: (1) In cases where petitioners for a highway file a petition and bond for the establishment of a highway, as provided in sections 922 and 923 of the Code, and a claimant files his claim for damages as provided by law, and commissioners are appointed to view said road, and assess the damages of said claimant, and said commissioners make a report that the said claimant sustains no damage by reason thereof, and the board of supervisors makes a final order establishing said highway, and allows no damages to claimant, and no order is made to pay any damages out of the treasury of the county,—in such case, is the county a proper party defendant, on an appeal being taken by claimant to the circuit court of the county? (2) In such case, should the notice of appeal from such decision be served upon the first four petitioners named in the petition for said highway within twenty days from the date of the final order establishing said highway?"

II. Code, § 959, provides that an applicant for damages in a road case may appeal to the circuit court by serving notice on the county auditor. If the highway· has been established upon condition that the petitioners pay the damage, the notice must be served upon the four persons first named in the petition. Section 961 provides that the claimant for damages shall be plaintiff, and the petitioners shall be defendants, except that, when damages have been ordered to be paid out of the county treasury, the county shall be defendant. In our opinion, the county ought to be regarded as a defendant in the action, for the reason that the notice of

appeal is required to be served upon the county auditor; and the county may, in further proceedings, become liable for damages and costs. We therefore answer the first question affirmatively.

III.    We think the petitioners ought not to be served with notice of the appeal unless they are required to pay damages. Section 959 plainly so provides. Whether the petitioners should be parties under section 961 is not a question certified in the case. We answer the question affirmatively.

The judgment of the circuit court is

AFFIRMED.