ADAMS and others *v.* MAY and others.

(*Circuit Court, S. D. Iowa.* June Term, 1886.)

1. PARTNERSHIP—SUITS IN FIRM NAME.
     A partnership cannot institute a suit in the firm name alone in the United States courts. The name of each member of the firm must be set forth.
2. COURTS—STATE AND FEDERAL—REMOVAL OF CAUSES—AFFIDAVIT.
     An affidavit for the removal of a cause which states that a certain firm is a resident of a different state from the one in which the defendant resides, is insufficient; the name and residence of each member of the firm should be clearly stated.

At Law. Motion to remand to circuit court, Wapello county, Iowa.

*Sweeney & Walker, Murphy & Gould,* and *D. C. Beaman,* for plaintiffs.

*W. W. Cory* and *Sloan, Work & Brown,* for defendants, intervenors.

LOVE, J. The jurisdictional facts do not sufficiently appear in this case. This being a court of special jurisdiction, it is necessary that the facts which give the court judicial power should clearly appear. There should be nothing indefinite, uncertain, or doubtful in the statement of the facts upon which the jurisdiction depends. It

is the constant practice of this court to remand causes where the jurisdiction here is doubtful. The reasons for this practice are cogent and conclusive. In cases like the present there is no doubt about the jurisdiction of the state courts. Instead, therefore, of retaining such cases here, and going through the forms of trial at great cost and delay, we prefer, when the jurisdiction of this court is at all doubtful, to send the parties back to courts where the power to hear and determine their controversies is not questionable.

Moreover, it is highly inconvenient, as well as expensive, to parties, to carry on litigation here, as compared with the state courts. In addition to this, I may add that the removal act provides that when, at any stage of the case, it appears satisfactorily to the court that jurisdiction does not exist, the cause shall be dismissed or remanded. The amount involved in this case appears to be small. It is difficult to see why it was brought here at all, except for delay. The expenses of the litigation in this court will amount to a large proportion of the sum in dispute. It ought not to be kept here unless the grounds of jurisdiction are very clear. We must look primarily to the petition for removal for the facts of jurisdiction.

The petition in this case states, in substance, that Adams & Co., the plaintiffs, are citizens of Pennsylvania. But who are Adams & Co.? Citizenship cannot be predicated of a firm *eo nomine*. It is settled that a suit cannot be brought in this form originally in the courts of the United States. The individual names of the partners must be set out, and citizenship alleged of each and every of them. The state statute authorizing suits to be brought in the partnership name is inapplicable here. No doubt a cause commenced in a state court in the firm name, without giving the individual names, may be removed to this court; but the petition for removal should state the individual names and citizenship of the members of the firm, and show that no one of them is a citizen of the same state with an adversary partner in the controversy. At all events, this diversity of citizenship should appear in some part of the record, when the case comes here from the state court. This nowhere appears in the present record. For aught that we can see, some member or members of the firm of Adams & Co. may be citizens of the same state with the defendants.

There are other grounds upon which this cause might be remanded, but it is needless to state them.

Let an order be entered, in accordance with the foregoing opinion, remanding the cause to the circuit court of Wapello county, Iowa.