JOHN YOCKEY v. WOODBURY COUNTY, Appellant.

WILLOW TOWNSHIP v. WOODBURY COUNTY, Appellant.

JOHN SHUMAKER v. WOODBURY COUNTY, Appellant.

**Appeal:** WHO MAY APPEAL: SPECIAL ASSESSMENTS. A county has no such interest in the matter of the levy of taxes for drainage purposes as to entitle it to appeal from an order of court setting aside an order of the board of supervisors for a reassessment.

**Same.** The fact that the attorney of parties appealing to the district court from an order of the board of supervisors making an assessment of taxes for drainage purposes, entitled the proceeding as against the county, did not make the county a party so as to entitle it to appeal from a judgment of the court set-

ting aside the order of the board; nor did the fact that the county attorney, in the absence of special authority, appeared before the board in the proceeding make the county a party so as to authorize to appeal.

**Appearance:** WHEN NOT BINDING. The appearance of attorneys employed by individual members of a board of supervisors is not binding upon the county.

**Appellate jurisdiction.** The Supreme Court will determine the question of its jurisdiction for itself; and it may do this on a motion to dismiss an appeal.

**Appeal.** An unauthorized judgment for costs against one not a party to the action, will not render such person a party in the sense that he is thereby authorized to appeal from the judgment.

**Notice of appeal.** Where the main judgment in an action is distinct from that for costs a notice of appeal from the main decree, simply, excludes a consideration of the judgment for costs.

**Dismissal of appeal.** Where it affirmatively appears that the attorney taking an appeal did so without authority the appeal will be dismissed.

*Appeals from Woodbury District Court.*— HON. J. L. KENNEDY, Judge.

TUESDAY, APRIL 10, 1906.

THESE are attempted appeals from the action of the trial court in sustaining objections to assessments made by the board of supervisors of Woodbury county for a portion of the costs and expenses of constructing a county ditch.— *Dismissed.*

*Sawyer & Turner* and *Strong & Whitney,* for appellant.

*J. S. Lothrop,* for appellees John Yockey and Willow Township.

*Milchrist & Scott,* for appellee John G. Shumaker.

McCLAIN, C. J.— In July, 1899, a petition of property owners was presented to the board of supervisors of Woodbury county, asking for the construction of a public ditch through Woodbury and Monona counties. A commission was appointed in assumed compliance with the provisions of law then in force on the subject, and, acting on the report of this commission, the board proceeded in January, 1900, to make an order establishing and providing for the construction of such ditch, designated as the " Woodbury-Monona Ditch." The board of supervisors of Monona county took similar action. A commission was duly appointed by the Woodbury county board to classify and apportion the costs of the portion of the ditch in that county upon the lands which would be benefited, and in September, 1900, the board levied the reported assessments, which were placed on the tax-books against the owners of the lands found to be benefited. Subsequently the enforcement of these assessments was enjoined as to certain owners in a case finally decided in this court. *Beebe v. Magoun,* 122 Iowa, 94. Later two statutes were passed by the General Assembly containing provisions for the reassessment and relevy of the costs and expenses in such cases. See Acts, 30th General Assembly, chapter 67, section 3, and chapter 68, section 17 (1904). In July, 1904, the Canal Construction Company, claiming a balance due it by way of compensation for the construction of the ditch, filed a petition with the auditor of Woodbury county asking the board of supervisors to proceed under these statutory provisions to reclassify the lands benefited by said improvement and reassess the balance of the claim of said company under a contract in accordance with which it had constructed the ditch, of which portion of its compensation it had been deprived by the decision in the Beebe case. The board acted in accordance with this petition, stipulating, however, in the resolution, that the county would not assume nor pay any part of the claim or of the costs of reassessment. A

commission was thereupon appointed, which reported the amount of claims and costs to be reassessed, and apportioned the same to certain specified lands, which it found to be subject to reassessment, and the board, after hearing the objections of John G. Shumaker, John Yockey, Willow Township, and other objectors, apportioned and assessed the costs and expenses so reported upon the lands described in accordance with the recommendation of the commission. The three objectors named above appealed separately to the district court from the finding of the board of supervisors by serving notices of appeal on the county auditor as provided by Acts 30th General Assembly, chapter 68, sections 6, 14, the cases being docketed as they are entitled at the beginning of this opinion, and filed additional objections in the district court. That court rendered judgment in each case in favor of plaintiff, sustaining the objections, and against the county for costs. There is now an attempted appeal to this court in each case in the name of the county. A motion in each case by the party designated as plaintiff for a dismissal of the appeal has been submitted with the case, and to the disposal of such motions we first direct our attention. The grounds of the motion to dismiss, which are the same in each case, may be resolved into two: First, that Woodbury County was not a party to the proceeding in the district court in such sense that it can appeal; and, second, that no appeal has been perfected.

I. In attempting to determine the status of Woodbury county in the proceedings in the district court, it is to be remembered that neither the board of supervisors nor the county auditor is the county. The county, as a public *quasi* corporation, can only act through its officers; but it is not liable for or bound by their acts, save as they have authority to bind it.

1. APPEAL: who may appeal: special assessment.

On the other hand, the officers may have duties and be subject to liabilities in their official capacity which in no way affect or involve the corporation. Thus the board of

supervisors, while it represents the county in the manage-
ment of the county property, the control of the county build-
ings, and the payment of claims, is for many other purposes
an agency of the state, or public, as, for instance, in exer-
cising its functions as to elections, taxes, establishment of
highways, etc., and in respect to these matters the board is
not in any sense the agent or representative of the county.
In short, the board of supervisors, like any other public offi-
cer or body, exercises powers, discharges duties, and in-
curs liabilities only as authorized, and accordingly is re-
sponsible as, and only as, provided by law, and it is the
representative of the county in these respects only when the
statute so specifies.    The county auditor, for instance, per-
forms many duties as an officer of the state, and not of
the county, as in making out tax lists, collecting and for-
warding election returns, collecting from persons liable there-
for the expenses of pupils in the College for the Blind or
the School for the Deaf, and in other ways.    So the county
treasurer collects taxes, not only for the county, but also
for the state, for cities, for school districts, and for special
funds of various kinds; and, if with reference to any of
these funds he is delinquent in his duties, his liability is as
an officer in general, and the county has no responsibility
in reference thereto.    For various purposes in connection
with elections, taxes, and other matters the board of super-
visors constitutes a special tribunal, authorized to exercise
a limited jurisdiction in determining controversies submit-
ted to it.    *Tiedt v. Carstensen,* 64 Iowa, 131; *Scott v. La-
sell,* 71 Iowa, 180.

In so acting it does not in any way represent the county.
The county as a corporation has nothing more to do with its
action than it has to do with the action of a justice of the
peace, exercising as he does a limited jurisdiction, or the dis-
trict court for the county, exercising a general jurisdiction.
The county is not responsible for the judicial acts of its
board of supervisors, nor is it interested in them.    It may

be rendered liable by the action of the board, if the matter is one concerning the county as to which the board is authorized to adjudicate its liability; otherwise, it is in no sense a party to the proceedings. The matters which the board of supervisors is authorized to adjudicate under chapters 67 and 68, Acts 30th General Assembly, so far as they are involved in this case are, what costs and expenses, if any, should be reassessed, and upon what lands and in what proportions such assessments should be made, and from the action of the board " any party aggrieved may appeal." See section 6 of chapter 68. And the " party aggrieved " cannot be the county, for as a corporation it has no interest in the matter. The assessments are not payable to it if they are made, and the failure to make them does not in any way render it liable. In Code, section 1946, which is in the chapter to which chapters 67 and 68, Acts of 30th General Assembly, are supplemental, it is provided that the fund raised by these special assessments " shall be kept separate from the other county funds and shall be paid out only for purposes properly connected with the improvement on order of the county auditor." If assessments are made, the parties aggrieved are the land-owners who object to the making of such assessments on their lands; and, if the assessments are not made, then the petitioners for the construction of the ditch, or those whose lands are subjected in any way to a heavier assessment on account of the failure to assess other lands, may be such parties. *Henderson v. Calhoun,* 129 Iowa, 119.

Perhaps the contractor who is entitled to be paid out of the funds collected by the assessment might have appealed from the judgment of the district court; for, after the assessment had been made to raise a fund from which he was entitled to compensation, he was interested in protecting such assessment on appeal. In case the board had failed to act as directed by law, he might, no doubt, have asked the intervention of a court by instituting proceedings for *man-*

*damus* or otherwise to compel the board to perform its duty, in which proceeding the contractor and the board would have been adversary parties; but it can hardly be contended that, after the board had as a *quasi* judicial tribunal attempted to perform its duty towards him, he might not be heard on appeal to sustain such action, and must stand aloof and assert his rights only in a new proceeding after the district court had overthrown the assessment which the board had made.    The question is somewhat analogous to that decided in *Farmers' Loan & Trust Co. v. City of Newton,* 97 Iowa, 502, in which case it was held that, while the city could not appeal to the district court from the action of a board of equalization refusing to raise an assessment on property in the city, such city might appeal to this court from the judgment of the district court setting aside the action of the board of equalization in raising such an assessment. However this may be, the county is certainly not entitled to appeal when an assessment for costs of a ditch is set aside by the district court; for, as already indicated, the county has no interest in such an assessment.

When the board of supervisors in these proceedings made the assessment desired by the contractor, the parties aggrieved were the property owners whose objections to the assessments were overruled by the board; and these persons were the proper parties to appeal, and they did appeal to the district court.    The notices of appeal were in the usual form and served on the county auditor as authorized by statute; he being in this respect the clerk simply of the board of supervisors acting as a *quasi* judicial tribunal, and not an officer representing the county.    That the attorney of the parties prosecuting these appeals to the district court saw fit to entitle them in the district court as actions or proceedings by the complainants against the county, and that they were thus docketed by the clerk of the court without objection on the part of any one,

2. SAME.

would not, we think, make the county a party to the proceedings in the district court.

The fact that the county attorney and his assistant appeared in proceedings before the board of supervisors with reference to the assessments would certainly not make the county a party to such proceedings, and the unauthorized appearance of attorneys claiming to represent the county in the district court would not confer upon the court jurisdiction in such proceeding over the county. A person who is named as a party to a proceeding in a court without notice being served upon him and without appearance in person or by attorney authorized to represent him is certainly not a party to such a proceeding. The county attorney is authorized to appear for the county as a party to a judicial proceeding only where such appearance is directed by law or specifically authorized by the board of supervisors acting for the county, if the case is one which affects the legal interests of the county; and in Code, section 302, he is expressly prohibited from appearing " before the board of supervisors in the trial of any cause in which the state or county is not interested, or in applications to establish, vacate, or alter highways." We have recently held that, in a proceeding before the county treasurer or county auditor with reference to the collection of taxes on omitted property, an attorney for a person employed to discover and collect such taxes is not authorized to represent the county, unless specifically employed by the board of supervisors for the county. *In re Treasurer of Woodbury County,* — Iowa, —.

The failure of the county attorney to object to the method of docketing the appeals to the district court would not, therefore, estop it; nor would the participation by the county attorney in the proceedings without direction from the board of supervisors acting for the county constitute an appearance. As a matter of fact Sawyer & Turner, who were the attorneys of the construction company, which originally applied to the board of supervisors to have the as-

sessment made, appeared not only before the board of supervisors, but also on the appeal to the district court; and, while they purported to act in the district court as the attorneys for the county, they showed no authority whatever from the board of supervisors to represent the county.

There is some showing in resistance to the motion to dismiss in this court that it was understood by members of the board of supervisors that Sawyer & Turner appeared in 3. APPEARANCE: the district court with a view to having the when not binding. assessments sustained, but certainly no action of the individual members would bind the county. This proposition is so elementary that no citation of authorities would be justified. The situation in the district court was simply this: The objectors to the assessments were asking that they be set aside. The county attorney and his assistant appeared *pro forma* in a general way for the county, which was nominally the defendant, without any authority to do so. Sawyer & Turner appeared actively to secure the confirmation of the assessments because their client, the construction company, was interested in having such assessments confirmed, but without authority from the county. The objectors were successful on their appeals, and this was practically prejudicial to the construction company, and against its interests. Perhaps the construction company was a party to the proceeding in the district court, or might have had itself made a party, so that an appeal could have been prosecuted in its name; but the county was not a party in fact nor in interest, and the ruling of the court could not affect it in any way, save so far as judgments for costs were rendered against it. To the matter of costs, reference will be made later in this opinion.

Counsel for appellant insist that appellees are in no situation to ask that the appeals be dismissed, because their 4. APPELLATE counsel recognized the county as a party in JURISDICTION. causing the appeals from the board of supervisors to be docketed as proceedings against the county, and in

a subsequent stipulation as to other cases recognized the appeals in these cases as having been properly taken. But it is plain that no consent on the part of the objectors to the assessment could give the district court or this court jurisdiction over the county. Nor is it necessary that objection to the form of proceeding or to the jurisdiction of the district court should have been taken below. It is for this court to determine for itself whether it has jurisdiction of the appeals, and it may determine its jurisdiction as a matter of fact on a motion to dismiss. See section 39 of the rules of this court. As the board of supervisors acts in a judicial capacity in making such an assessment, and as the appeal cannot affect the interests of the county, it would be absurd to allow the board as a board, either for itself or as representing the county, to appear in the district court on an appeal taken by the objectors for the purpose of testing the validity of its action. A tribunal acting judicially has no direct interest in maintaining the regularity or validity of its proceedings. Such matters are to be litigated by the parties affected by the proceedings. *Everett v. Board of Supervisors,* 93 Iowa, 721; *McCarty v. Board of Supervisors,* 61 Wis. 1 (20 N. W. 654); *Mackin v. Taylor County Court,* 38 W. Va. 338 (18 S. E. 632). In *Raymond v. Clay County,* 68 Iowa, 130, the county (not the board of supervisors of the county) was held to be a party to a proceeding for the establishment of a highway, in which a claim for damages was disallowed on the ground that it might in further proceedings become liable for damages and costs; but it is not pointed out in the present case that the county could in any way or under any contingency become liable for damages or costs.

As to the claim that the county has a right to appeal to this court from at least those parts of the judgments which

5. APPEAL.

taxed to it the costs of the proceedings in the district court, there are two answers. In the first place, a wholly unauthorized judgment for costs against

a person not a party will not make such person a party in such sense that he can appeal. The mere attempt of the lower court to exercise an unauthorized jurisdiction will not warrant an appeal to this court, if the person against whom the unauthorized judgment is rendered is not a party. 2 Cyc. 626. And see *St. Joseph Manufacturing Co. v. Harrington,* 53 Iowa, 380; *Groves v. Richmond,* 53 Iowa, 570.

And in the second place the notices of appeal to this court recite that " the county of Woodbury has appealed from the judgment of said [district court] entered on the

6. NOTICE OF APPEAL.

10th day of April, 1905, in favor of said plaintiff, appellant, sustaining his objection to the assessment of a certain tax against his land," etc., and makes no reference to any judgment against the county for costs. Such judgment against the county for costs was separate and distinct from the judgment that the objections to the levy of assessments should be sustained. Neither one of these judgments necessarily involved the other, and the appellant, in specifying one of such rulings or orders as the basis of his appeals, thereby excludes the consideration of the other.

II. Whatever may have been the status of the county in whose behalf these appeals purport to have been taken, if they were in fact taken without authority of the county,

7. DISMISSAL OF APPEAL.

they cannot be considered. The notice of appeal was signed, " Sawyer & Turner, Attorneys for Appellant." The record clearly shows that neither member of the law firm of Sawyer & Turner was the county attorney or the assistant county attorney, and, while it may be presumed in general that an attorney appearing for a party has authority to do so, yet the authority of the attorney may be called in question by the opposite party, and the court should refuse to proceed further until his authority is shown. Code, section 320. The authority of Sawyer & Turner to institute this appeal for the county of Woodbury was called in question in the motion to dismiss, and

it affirmatively appears that they were without any such authority. Under such circumstances the appeal must be dismissed. *In re. Assessment F. · L. & T. Co.*, 129 Iowa, 588.

For the reasons pointed out, the motions to dismiss these appeals must be sustained, and we are without jurisdiction to consider the cases on their merits.— *Dismissed.*