Canal Construction Company, Appellant, v. Woodbury County, Iowa, Appellee.

**Judgments:** WHOM CONCLUDED THEREBY: VOLUNTARY PARTICIPANTS IN
1 LITIGATION. In this action land owners objected to an assessment and levy of taxes for drainage purposes, and a construction company having performed the work, although not made a party to the action of the land owners to restrain the collection of the taxes, appeared by counsel in defense of the tax and appealed from the judgment holding it invalid, which appeal was dismissed on the ground that the county was not interested in sustaining the validity of the tax and was not therefore a proper party, and service of notice of appeal on the county did not give the court jurisdiction. It is *held,* that the decision on appeal is conclusive against the construction company in a subsequent action by it against the county on warrants issued for the work upon the fund to be raised by the taxes, the payment of which was refused by the county treasurer for lack of money in the fund, and was of the same force and effect against the construction company as it would have been had the company been made a party in the former action.

**Drainage:** FAILURE TO LEVY AND COLLECT TAXES: LIABILITY OF COUNTY.
2 The law relating to drainage of lands imposes duties relating

to the establishment of districts and for the levy and collection of taxes to defray the cost of the improvement upon boards of supervisors, the county auditor and treasurer, but the county as such has no direct interest in the proceedings and is not liable for failure of such officers to legally assess, levy and collect such taxes; as such officers are designated by the law simply as agents through whom the taxes may be levied and collected.

**Same:** VOLUNTARY APPEARANCE IN AN ACTION: ADJUDICATION: ESTOPPEL. Where a construction company has voluntarily appeared in an action brought by land owners to restrain a collection of taxes levied to pay for the improvement, and insisted upon the validity of the taxes, it is bound by the judgment of the court the same as though it had been legally made a party to the action, and is estopped to thereafter maintain an action against the county on warrants issued by it against the fund sought to be created by such tax.

**Same:** APPEAL: NOTICE: SUFFICIENCY. Although the statute provides that an appeal from an order of a board of supervisors in drainage matters shall be taken by filing notice with the county auditor, a statement in appellant's abstract on appeal that the appeal was duly taken by serving notice upon the county auditor and giving bond as provided by law, is held to be a concession that the appeal was taken in due form of law; the statement that notice was served upon the auditor being the equivalent of saying that the notice was filed with him.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, JUNE 7, 1909.

REHEARING DENIED, WEDNESDAY, MARCH 16, 1910.

THE opinion states the material facts.—*Affirmed.*

*P. A. Sawyer* and *A. Kindall,* for appellant.

*Strong & Whitney,* for appellee.

WEAVER, J.—Prior to the date of the contract hereinafter mentioned, proceedings under the drainage statute

were instituted to establish a certain drainage district in Woodbury County. After the usual preliminary steps had been taken, the district was ordered established. One Mitchell Vincent being the lowest bidder for the work of excavating the ditch, a contract therefor was entered into between him and the county auditor under date of June 28, 1900. Subsequently Vincent assigned his interest in the contract to the plaintiff herein, the Canal Construction Company, which completed the work according to the agreed terms and received from the county auditor warrants upon the ditch fund for the amount thus earned. The board of supervisors made and levied an assessment upon the lands within the drainage district for the cost of the improvement. To test this assessment and levy one Beebe and others, owners of land within the district, brought an action in the district court of Woodbury County to restrain the collection of said tax on the ground that the statute providing therefor was in material respects unconstitutional. To this proceeding Woodbury County and its treasurer, John A. Magoun, were alone made defendants of record; but the construction company employed and was represented by counsel on the part of the defense. On appeal to this court the contention of the landowners was upheld and the tax adjudged invalid. (*Beebe v. Magoun,* 122 Iowa, 94), which holding was soon after approved and followed in *Smith v. Peterson,* 123 Iowa, 672. Thereafter the General Assembly amended the statute curing the defect which had rendered it unconstitutional and providing a method by which the cost of ditches constructed thereunder could be reassessed and made a charge upon the land benefited thereby. Laws 30th General Assembly, chapter 67.

Relying upon this statute, the construction company petitioned the board of supervisors for a relevy of the cost of the ditch in question upon the lands of the district,

which petition was granted; but to the order granting said relief the board added a statement or reservation in the following words: "In approving this petition, and in taking such steps as may be required or may be necessary to relevy and collect the amount claimed to be due with interest, and costs that may be incurred by such action, the county of Woodbury does not assume and will not pay any part of such sums or interest, and will not pay the cost that may be incurred in making and attempting to enforce the necessary assessments." Thereupon the board proceeded to appoint commissioners to classify the lands in the drainage district and appraise the benefits thereto, and, after said duty had been performed and notice served upon the parties in interest, certain landowners appeared and objected to the proposed assessments, but after hearing thereon the objections were overruled, the assessments were confirmed, and tax levied as reported by the commissioners. From this order the objectors appealed to the district court, where their contentions were sustained and the tax was held and adjudged to be invalid and the levy thereof ordered vacated.

In said trial counsel for the construction company appeared with the county attorney to defend and uphold the tax, and, after the entry of said judgment holding the same invalid, said counsel, in the interest of their client, undertook to prosecute an appeal therefrom to this court; but, service of notice of such appeal not being sufficient to confer jurisdiction to review the action of the trial court, the appeal was dismissed. *Yockey v. Woodbury*, 130 Iowa, 412. Thereafter plaintiff began the present action against Woodbury County, alleging the excavation of the ditch under the contract made with the county auditor and the issuance to it by the auditor of warrants for the contract price of the work, which warrants were presented to the county treasurer, who refused to pay the same because there was no money in the

ditch fund with which to meet such demand. Plaintiff further avers it was and is the duty of the county, by its officers and agents, to provide money for said fund by a special taxation upon the lands within the drainage district, and, although demand has been made for such action, said county and its board of supervisors have refused to take further action in the matter. Upon these allegations a recovery against the county is demanded for the amount of these warrants, with interest and costs. For answer to this petition the county sets up the history of the proceedings for the establishment of the ditch and the litigation arising therefrom substantially as hereinbefore related and the adjudications had therein, and denies that it had in any manner bound or obligated itself to pay for said ditch or had been guilty of any wrong or omission rendering it liable to be charged with the cost thereof. On trial of the issue thus joined the court found for the defendant and entered judgment against the plaintiff for costs. The plaintiff appeals.

I. Appellant argues that liability of the county in proceedings of this kind has been settled in *Bank v. Mills County*, 67 Iowa, 697, and *Bodman v. Johnson County*, 115 Iowa, 296. Assuming that the statute

1. JUDGMENTS: whom concluded thereby: voluntary participants in litigation.

under which those cases were decided is identical with the one now in force, there would be some ground for counsel's proposition, but for the prior adjudications by which appellant's rights in the premises have been complicated. The relation of the county to the drainage district and its interests and liabilities with reference to this particular assessment and tax were the subject of controversy and consideration in the *Yockey* case, and, while the appellant herein was not named as a party to that proceeding, it was represented therein by counsel who alone sought to uphold the validity of the tax in this court. It follows, we think, that our decision upon that appeal must

be treated as the law of the case in passing upon the question now presented. *Stoddard v. Thompson,* 31 Iowa, 80; *Marsh v. Smith,* 73 Iowa, 295; *Baxter v. Myers,* 85 Iowa, 328.

The sum and substance of the ruling in the *Yockey* case was that the county was neither directly nor indirectly interested in sustaining the validity of the tax and was

2. DRAINAGE: failure to levy and collect taxes: liability of county.

therefore not a proper party to the proceedings, and that service upon it of notice of appeal was insufficient to give this court jurisdiction—a holding which is clearly inconsistent with the claim now asserted by the appellant that the county may be subjected to a money judgment for the amount of the warrants issued upon the fund to be raised by such tax. That decision was reached upon the theory that, while the drainage act imposes upon the board of supervisors, county auditor, and county treasurer certain duties and obligations with relation to the establishment of drainage districts and the levy and collection of special assessments or taxes to defray the cost of such improvements, the county as such has no interest in the proceedings and is charged with no obligation in respect thereto. McClain, J., speaking for the court, there says:

In attempting to determine the status of Woodbury County in the proceedings in the district court, it is to be remembered that neither the board of supervisors nor the county auditor is the county. The county as a *quasi* corporation can act only through its officers, but it is not liable for or bound by their acts, save as they have authority to bind it. On the other hand the officers may have duties and be subject to liabilities in their official capacity which in no way affect or involve the corporation. . . . For various purposes in connection with elections, taxes, and other matters, the board of supervisors constitutes a special tribunal authorized to exercise a limited jurisdiction in determining controversies submitted to it. In so

acting it does not in any way represent the county. The county, as a corporation, has nothing more to do with its action than it has to do with the action of a justice of the peace exercising as he does a limited jurisdiction, or the district court for the county exercising a general jurisdiction. The county is not responsible for the judicial acts of its board of supervisors, nor is it interested in them. It may be rendered liable if the action of the board in the matter is one concerning the county as to which the board is authorized to adjudicate its liability, otherwise it is in no sense a party to the proceedings. The matters which the board of supervisors is authorized to adjudicate under chapters 67 and 68, Acts 30th General Assembly so far as they are involved in this case, are what costs and expenses, if any, should be reassessed, and upon what lands and in what proportions such assessments should be made, and from the action of the board any aggrieved party may appeal; and the "party aggrieved" can not be the county, for as a corporation it has no interest in the matter. The assessments are not payable to it if they are made, and the *failure to make them does not in any way render it liable.*

The foregoing extended quotation from the opinion, leading, as it logically does, to the conclusion expressed in the final sentence which we have italicized, would seem to be decisive of this appeal. The county as such has no more interest in the establishment of a ditch constructed for the benefit of a fraction of its territory than it has in the establishment of an independent school district or in the paving or sewering of a city within its borders. A township or city may vote a tax in aid of a railroad, and it becomes the duty of the board of supervisors to levy it and of the treasurer to collect and pay it over; but we think that no one would contend that the neglect or failure of these officers to perform the duties thus required of them would make the county liable for the tax. The same may be said of most taxes and assessments levied and collected on account of local improvements. In such cases

county boards and officers are designated as convenient and available agents through or by whom the appropriate levies may be made and their collection enforced, but no duty is imposed upon the county, and it is not charged with any liability therefor. It has been the policy of the state thus far not to clothe drainage districts with corporate capacity to sue and be sued or to exercise any administrative functions except as they are worked out through the county officers named for that purpose, yet the drainage of a district, as we have already noted, is distinctively a local enterprise, undertaken solely for the benefit of a particular neighborhood, the expense of which is to be borne wholly by the lands within the prescribed area, and there would be a manifest injustice in holding the county liable for the mistakes or neglect of the officers to whom the organization, management, and taxation of the district are intrusted. The case of *Electric Light Co. v. Fort Dodge,* 115 Iowa, 568, cited by appellant, is not, we think, in point. The matter of paving the streets of a city is controlled by city action, the contract for such pavement is made with the city in its corporate capacity, and its undertaking implies a corporate obligation to take the necessary steps to provide a valid assessment for payment of the contractor. In this respect the position of the city is in marked contrast with that of the county in drainage proceedings.

II. If we understand counsel rightly, appellant asserts a right of action because, a tax having been levied for the ditch fund, the officers of the county have neglected or failed to collect it. For reasons stated in the preceding paragraph of this opinion, the claim thus stated can not be sustained. Moreover, if under any circumstances such a state of affairs might give rise to a good cause of action, the invalidity of this tax and the justification of the officers in failing to attempt its collection has been adjudicated by the district court in the judgment

3. SAME: voluntary appearance in an action: adjudication: estoppel.

in the *Yockey* case, which stands unreversed. Referring
to the record of that case, it appears that Yockey and
other objectors contested the tax on numerous grounds,
among which it was alleged that no notice of the proceed-
ings and no opportunity to present claims for damages
had been given them, that the action taken by the board of
supervisors was in violation of the constitutional rights of
the landowners, that the board had no legal authority to
appoint commissioners to reclassify and reassess the lands,
that the commissioners did not make such reclassification
and reassessment in the manner provided by law, and
that in the prior action of *Beebe v. Magoun, et al.,* the
board of supervisors had been enjoined from levying or
collecting any tax for the cost of the ditch. The judg-
ment of the district court sustained the objections gener-
ally and vacated and canceled the assessment and levy
of the tax as void and of no effect. As we have before
stated, the appellant, though not a party to that proceed-
ing, was in fact present by its counsel aiding in the effort
to convince the court that the tax was valid and that it
should be enforced for the payment of the very warrants
on which the present action is brought, and the adjudica-
tion must be held to estop the appellant to the same extent
as if its name had expressly appeared of record as party
plaintiff or defendant. In other words, the tax which
has been once levied to pay the debt due the appellant
has been wiped out by the judgment of a court of com-
petent jurisdiction as being wholly void and unenforceable,
and this court is without power or jurisdiction to review
or question in this proceeding the correctness of that ad-
judication. Whether, with the slate thus cleared of both
assessments formerly attempted to be made, any remedy
may yet be figured out by which appellant can secure
payment of its just claim we do not consider. The ques-
tion is not before us, and we can not properly discuss
it. Had appellant declined to participate in the prior

litigation, and, resting its case upon the warrants issued to it, had brought this action to recover thereon, we should be confronted with the question how far the decisions in *Bank v. Mills County*, and *Bodman v. Johnson County*, are applicable to drainage cases arising under our present statute, and, if applicable, the further question whether the ruling in the *Yockey* case is in any manner inconsistent with our prior holdings; but the *Yockey* case, so far as it goes, must be regarded as the law in all the succeeding stages of the same litigation between the same parties in interest, and we need not extend this branch of the discussion further than to say that the opinion in *Bank v. Mills County* appears to treat a ditch constructed under the statute then in force as a county ditch, and the authority to construct it as being vested in the county, as distinguished from the drainage district and board of supervisors.

III. The further point is made that the district court never obtained jurisdiction to pass upon the validity of the tax, and that the judgment entered upon the appeal taken from the order of the board of supervisors was therefore void and of no effect. This claim is based upon the asserted fact that the notices of appeal by Yockey and other objectors was served upon the county auditor, instead of being "filed with" said officer, as required by the statute, Code Supp., section 1989a (6). This section provides that an appeal in such cases may be taken "by filing notice with the county auditor at any time within ten days" after the finding or order complained of. The manner of the notice, as stated in appellant's abstract, is that "John Yockey duly appealed from said order and finding of the board of supervisors to the district court by serving notice of appeal upon the county auditor and giving bond as by law provided." The statement that the appeal was "duly" taken by service upon the auditor "as by law provided" should in all

4. DRAINAGE: appeal: notice: sufficiency.

fairness be construed as a concession that the appeal was taken in due form of law, and the statement that notice was served upon the county auditor be held only another form of say that the notice was filed with the auditor; but, however that may be, we are not prepared to hold that service of notice upon the auditor is such a departure from the method provided by the statute as will justify an objection to the jurisdiction of the district court. We find no sufficient reason to question the authority of that court to entertain the appeal.

IV. Considerable attention is given in argument to the inquiry whether the power of the proper officers to levy the tax has been exhausted by a single abortive or unsuccessful attempt. In our judgment this appeal does not present that question for our decision. The statute (chapters 67 and 68, Laws 30th General Assembly) seems to have been enacted expressly to meet such emergencies, but how far, if at all, the rights thereby conferred have been exhausted or may yet be available against the proper parties we hazard no opinion. The single question here presented is that of the alleged liability of the county, and upon this we find against the appellant.

We find no error in the judgment of the district court, and it is therefore *affirmed*.