## BOARD OF SUP'RS OF BUENA VISTA COUNTY, IOWA, v. TITLE GUARANTY & SURETY CO. OF SCRANTON, PA., et al.

(District Court, N. D. Iowa, W. D.   September 14, 1920.)

No. 281.

1. **Removal of causes** ☞27—**No diversity of citizenship between board of supervisors and drainage district, in Iowa, and Pennsylvania "corporation"; "citizen."**

   The board of supervisors of an Iowa county and a drainage district within such county are not "corporations" or "citizens," within the statute relating to removal of causes, when suing a Pennsylvania corporation.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen; Corporation.]

2. **Removal of causes** ☞107(6)—**Amendment of petition for removal not allowed, where facts do not authorize removal.**

   Judicial Code, § 274c (Comp. St. § 1251c), permitting amendment of petition for removal on motion for remand, applies only when existing facts authorize removal.

At Law. Action by the Board of Supervisors of Buena Vista County, Iowa, acting for and in behalf of Drainage District No. 34, in said county, against the Title Guaranty & Surety Company of Scranton, Pa., and another. On motion to remand to the state court. Motion sustained, and cause remanded.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Guy E. Mack, of Storm Lake, Iowa, and Kelleher, Hanson & Mitchell, of Ft. Dodge, Iowa, for plaintiff.

A. L. Whitney, of Storm Lake, Iowa, and Jepson & Struble, of Sioux City, Iowa, for defendant Title Guaranty & Surety Co.

REED, District Judge. This action was commenced in the district court of Iowa in and for Buena Vista county by the board of supervisors of said county, for and on behalf of the drainage district in said county known as drainage district No. 34, against the Title Guaranty & Surety Company, a corporation duly organized under the laws of Pennsylvania, doing business in the state of Iowa, to recover from said defendant Title Guaranty & Surety Company upon a surety contract executed by it guaranteeing the performance of a contract executed by a contracting firm known as Forrestal & Feyen, engaged in the construction of drainage ditches in said county. The action was commenced by the plaintiff as such board of supervisors against said defendant Title Guaranty & Surety Company, by the service of an original notice or summons upon it about September, 1919, which notice required the defendant to appear and answer the plaintiff's petition on or before noon of the second day of the September, 1919, term of said court, as authorized by the Iowa statute, which was appointed to begin on September 22, 1919, in which plaintiff demands judgment against the defendant for $125,000 and costs.

For the purpose of the determination of this motion to remand, it must suffice to say that said contracting firm of Forrestal & Feyen entered into a contract with said drainage district No. 34 to construct and complete a drain or ditch as required by the statute of Iowa then in force, and as required by said statute said firm was to execute a bond or surety for the completion of such drain or ditch, and for that purpose the Title Guaranty & Surety Company executed a bond in the sum required to insure the full and complete performance of said contract, and upon the execution of such surety bond the contract was awarded to said firm, who entered upon the work of constructing said ditch, but ultimately failed to complete its said contract, and the drainage district was damaged by such failure, and steps were taken for the recovery of such damage by the board of supervisors of said Buena Vista county, for and in behalf of said drainage district, and suit was brought, as before stated, by the board of supervisors of said Buena Vista county against the Title Guaranty & Surety Company (and another, as joint surety upon the bond of said contractors, who is not a party to this action).

After the petition was filed in the state court against the surety upon said bond, a petition was filed by the Title Guaranty & Surety Company alone for the removal of said cause to this court, upon the alleged ground of diverse citizenship of the parties to this action, in that the Title Guaranty & Surety Company was a corporation organized under the laws of Pennsylvania, and that the plaintiff board of supervisors was an association of some kind created or organized under the laws of the state of Iowa, but in what capacity it was so acting is not alleged, either in the petition filed by the plaintiff, or in the petition for

removal as filed by the defendant Title Guaranty & Surety Company, and nowhere appears in the record in said cause.

The petition for removal was filed by the defendant Title Guaranty & Surety Company in said state court on September 22, 1919, and is as follows:

In the District Court of Iowa in and for Buena Vista County.

Board of Supervisors of Buena Vista County, Iowa, Acting for and in Behalf of Drainage District No. 34, Buena Vista County, Iowa, Plaintiff, v. Title Guaranty & Surety Company of Scranton, Pa., and First National Bank of St. Paul, Minn., defendants.

September Term 1919.

Petition to Remove this Cause to the United States District Court.

To the Honorable Court:

Your petitioner, the Title Guaranty & Surety Company of Scranton, Pa., respectfully shows that when the plaintiff's alleged cause of action accrued this petitioner was a corporation organized under the laws of the state of Pennsylvania, with its principal place of business at Scranton, Pa.; that said suit is of a civil nature, and is brought against your petitioner to recover $125,000 damages on account of a certain contract in writing between your petitioner and said plaintiff, and your petitioner is actually interested in said controversy; that said action is a controversy wholly between citizens of different states in which the matter in dispute, exclusive of interest and costs, exceeds the sum of $100,000. * * *

Your petitioner further avers that said district court of Buena Vista county, Iowa, is a court of the state of Iowa, that this suit is now pending in said court, and that this petition is filed in said court at the time, or before, your petitioner is required by law of said state, or the rule of said state court in which this suit is brought, to answer or plead to the petition or complaint of said plaintiffs.

The petitioner offers with its petition for removal a bond, with good and sufficient sureties, as required by law for its entering in the District Court of the United States for the Northern District of Iowa.

The petitioner further states that prior to the filing of this petition and bond for the removal of said cause written notice of its intention to file the same was given to the plaintiff as required by law, a true copy of which, with proof of the service of the same, is attached hereto.

Your petitioner prays that this court proceed no further herein, except to make an order of removal, and to accept the said surety bond, and to cause the record herein to be removed into the District Court of the United States for the Northern District of Iowa, Western Division.

[Signed] Title Guaranty & Surety Company,
By A. L. Whitney, Attorney.

This petition is duly verified.

On October 8, 1919, the plaintiff filed in said state court exceptions to the removal of said cause from said state court, which exceptions in substance were that the grounds alleged in the petition for removal were insufficient to show that the cause was one of which this court had jurisdiction, and that the cause was not, therefore, a removable one. The state court overruled such exceptions and granted a removal, and the record has been filed and the cause docketed in this court, and the plaintiff has filed a motion to remand the cause, which motion is as follows:

In the District Court of the United States for the Northern District of Iowa, Western Division.

[Title.]  Motion to Remand to the State Court.

Now come the plaintiffs, the board of supervisors of Buena Vista county, Iowa, and drainage district No. 34 of Buena Vista county, Iowa, and move the court to remand this cause to the district court of the state of Iowa in and for Buena Vista county, from which court it was attempted to be removed to this court, for the reasons and upon the grounds hereinafter set forth.

(1) The record in said cause does not present a case removable from the state court to this court, under the statutes governing such cases.

(2) The record in said cause does not present a separable controversy, in contemplation of the act of Congress authorizing the removal of causes.

(3) The requisite diversity of citizenship required as a condition precedent to the jurisdiction of this court of a controversy of the character presented by the record in this cause does not exist.

(4) The petition for removal fails to show a compliance with the acts of Congress for the removal of suits from state courts to the United States District Court.

(5) Only one of two joint defendants files or purports to ask for a removal of said cause.

(6) The petition for removal and the record in said cause both fail to show or present a case showing diversity of citizenship at the time of the commencement of the action.

(7) Under the statutes of the state of Iowa, the board of supervisors of Buena Vista county, Iowa, is not a corporation, and hence citizenship cannot be predicated on said board.

(8) Under the provisions of section 1989a10 of the Iowa Code Supplement for 1913, it appears, as shown by the record, that the action is prosecuted, not in behalf of a corporation, and not in behalf of a legal entity, but in behalf of a drainage district organized under the laws of the state of Iowa, which said drainage district has no existence independently of the property owners whose property is situated in said district.  Therefore the requisite diversity of citizenship for the removal of said cause must be shown to exist between all property owners, incumbrancers, and others having interests in the said drainage district and each of the defendants, at the time of the commencement of the suit, and no such claim or showing is made by the record.

(9) Corporate capacity or citizenship cannot be predicated of the board of supervisors of Buena Vista county, Iowa; nor can corporate capacity or citizenship be predicated of drainage district No. 34 of said county.

(10) Under section 1989a10, both the board of supervisors and drainage district must be looked to and considered for the purpose of determining who are parties plaintiff.

(11) The board of supervisors having no interest for or on behalf of Buena Vista county, and the property of Buena Vista county not being liable or subject to be taken in respect of any judgment in an action of this kind, such county is not the real, or any party in interest, and the board of supervisors is therefore acting only nominally as plaintiff, and is without any financial interest, either for the board or for the county; hence property owners, incumbrancers, and those having interests within the drainage district are the sole, actual, real, and only parties whose citizenship must be shown by the record as of the time of the commencement of the action as a condition precedent to jurisdiction in the courts of the United States; and the record not showing such citizenship, said cause is not removable.

(12) The statement of the petition for removal, that there is a controversy wholly between citizens of different states, is a mere unauthorized conclusion of law, drawn by the petitioner from other averments, and is wholly insufficient to show citizenship; such conclusion is, furthermore, stated with respect to the date of filing said petition for removal, and not of the commencement of the action and hence is for that reason insufficient.

(13) There is no sufficient showing of a separable controversy to warrant a removal upon the ground of separable controversy. The pretended notice of the petition and bond for removal is insufficient, because (a) it is not a notice to the plaintiffs or their attorneys, and is not directed to the plaintiffs, but is directed to the defendant; (b) it is not a notice of a petition or bond, and no copies of any petition or bond, or other statement of the contents thereof, is annexed to said notice.

(14) For other reasons apparent upon the face of the record.

Wherefore the plaintiffs pray that this cause may be remanded to the district court of Iowa in and for Buena Vista county, to be there proceeded with according to the practice governing such cases.

[Signed]   Guy E. Mack and
          Kelleher, Hanson & Mitchell,
          Attorneys for Plaintiffs.

[1] Neither the petition for removal nor the record in the cause shows any grounds for the removal of this cause from the state court to this court, or that this court has any jurisdiction of this controversy, and the exceptions in the state court to the petition for removal are well taken, and should have been sustained.

The petition for removal sufficiently shows that the Title Guaranty & Surety Company is a corporation organized under the laws of Pennsylvania and a citizen of that state for the purpose of removal; but there is no allegation or showing that the plaintiff board of supervisors of Buena Vista county, or drainage district No. 34 of that county, is a citizen or corporation of any other state than Pennsylvania, and there is no diversity of citizenship between any of the parties to this action, and this court has no jurisdiction of this controversy. Thomas v. Ohio State University, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160; Great Southern Fireproof Hotel Co. v. Johnson, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 842; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Grace v. American Central Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932; McLaughlin Bros. v. Hallowell, 228 U. S. 278, 33 Sup. Ct. 465, 57 L. Ed. 835.

In Adams & Co. v. May (C. C.) 27 Fed. 907, Judge Love, formerly of this court, said:

"The petition [for removal] in this case states, in substance, that Adams & Co., the plaintiffs, are citizens of Pennsylvania. But who are Adams & Co.? Citizenship cannot be predicated of a firm eo nomine. * * * The individual names of the partners must be set out, and citizenship alleged of each and every of them. The state statute authorizing suits to be brought in the partnership name is inapplicable here. No doubt a cause commenced in a state court in the firm name, without giving the individual names, may be removed to this court; but the petition for removal should state the individual names and citizenship of the members of the firm, and show that no one of them is a citizen of the same state with an adversary party in the controversy. At all events, this diversity of citizenship should appear in some part of the record, when the case comes here from the state court. This nowhere appears in the present record."

In Clary v. Woodbury County, 135 Iowa, 488, 113 N. W. 330, the question arose as to whether or not a "drainage district" under the Iowa statute was an essential party to a proceedings under the statute to recover by an owner of property damages for the establishment of a drainage district, and the court said of this question:

267 F.—31

"A drainage district under the statute is not a person or a corporation. It is nothing more than a definite body or district of land, constituting an improvement district. That it has no legal entity is manifest from the various sections of chapter 68, which place the entire matter under the control and supervision of the board of supervisors."

The court further said at page 493, of 135 Iowa (113 N. W. 332):

"The board of supervisors of any county shall have jurisdiction, power and authority at any regular, special or adjourned session, to establish a drainage district or districts, and to locate and establish levees, and cause to be constructed as hereinafter provided any levee, ditch, drain or water course," etc.

And in Canal Construction Co. v. Woodbury County, 146 Iowa, 526, 121 N. W. 556, the Supreme Court of Iowa further says:

"In attempting to determine the statute of Woodbury county in the proceedings in the district court, it is to be remembered that neither the board of supervisors nor the county auditor is the county. The county as a quasi corporation can act only through its officers; but it is not liable for or bound by their acts, save as they have authority to bind it. * * * In so acting it does not in any way represent the county. The county, as a corporation, has nothing more to do with its action than it has to do with the action of a justice of the peace, exercising as he does a limited jurisdiction, or the district court for the county, exercising a general jurisdiction. The county is not responsible for the judicial acts of its board of supervisors, nor is it interested in them. It may be rendered liable if the action of the board in the matter is one concerning the county, as to which the board is authorized to adjudicate its liability; otherwise, it is in no sense a party to the proceedings."

Section 1989a10 et seq. of the Code Supplement of Iowa, 1913, show the statute authority for constructing drainage ditches in the various counties of that state, and the power and jurisdiction of boards of supervisors in connection therewith.

[2] Counsel have suggested that the petition for removal and the record in the cause might be amended to show the requisite diversity of citizenship of the parties, to sustain the jurisdiction of this court. Chapter 90, 38 Stat. p. 956 (Judicial Code, § 274c [Comp. St. § 1251c]) permits such an amendment only when the existing facts so authorize; but no request for such an amendment has been made, and the existing facts do not warrant such an amendment. Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103.

In view of these authorities, no facts are alleged showing that this court has jurisdiction of this controversy, and the motion to remand must be and is sustained, and the cause remanded to the state court.