**BOWLES, Price Administrator, v.
BRAZMAN et al.**

**No. 2450.**

District Court, W. D. Missouri, W. D.

Feb. 5, 1945.

Dick F. Bennett, Dist. Enforcement Atty., and Eugene O'Keefe, Enforcement Atty., both of Kansas City, Mo., for plaintiff.

Daniel S. Millman, of Kansas City, Mo., for defendant.

REEVES, District Judge.

By their motion for a bill of particulars the defendants seek a clarification of two matters. The suit is brought against Robert Brazman and William Bryant, d/b/a American Car Sales Company, 1400 Oak Street, Kansas City, Missouri. The complaint is, that, being engaged in the second

hand automobile business, defendants violated the Maximum Price Regulation by failing to label or tag their automobiles as provided by such regulations.

The defendants ask that the complaint be made more definite by pointing out what particular cars or automobiles were not properly tagged or labeled. The complaint is all inclusive.

1. In the caption of the complaint the pleader used the word "defendant", in the singular, rather than in the plural. It is obvious that the suit was brought against the two named defendants as partners. The Missouri Statute, by Section 5575, R.S.Mo.1939, Mo.R.S.A., provides that:

"Actions and special proceedings in relation to the business of the partnership may be brought and conducted by and against the general partners as if they were the only partners: * * *."

This was practically the rule at common law. 20 R.C.L., Section 155, p. 936, announces the rule at common law: "that all the partners, so far as the partnership assets are involved, should be made defendants."

In practice, the following rule was announced:

"Without violating this rule, a suit may be brought against defendants designated by their individual names and as partners doing business under a given firm name, for such an action is construed as supporting a personal judgment against the individual defendants therein named."

Unquestionably, this is the rule in Missouri, but, even if not, yet the federal court would not be bound by it. 47 C.J. Section 471, p. 955; Adams v. May, C.C.Iowa, 27 F. 907. In the latter case it was specifically held that a partnership could not institute a suit in the firm name alone in the United States courts. This is the rule for the reason that a firm name is not such an entity as would be a competent party. The mere fact that the pleader failed to use the plural instead of the singular in designating the parties does not form a basis for complaint. The record shows that both of the defendants were served with process; they were not deceived by this mere, unimportant clerical error.

2. Rule 8 of the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, quite clearly points out the contents of a complaint. It must be a short, plain statement of the claim showing that the pleader is entitled to relief. The complaint in this case does that precisely. Either the defendants violated the law, or they did not. The complaint is full and complete enough to enable the defendants to plead. The rules of discovery furnish them ample means for obtaining any information not readily at hand. They can ask plaintiff for admissions; they can submit interrogatories, or they can take depositions. However, they certainly knew whether or not they had labeled or tagged their used automobiles as the law requires them to do.

The motion of the defendant is wholly without merit and should be overruled. It will be so ordered.