MARY TOWNER, PROSECUTOR-RESPONDENT, v. MANS-
FIELD TOWNSHIP BOARD OF EDUCATION, APPEL-
LANT.

Decided April 23, 1925.

Public Schools—Transportation of Pupils—Question of Residence
—Pupil Living at the Home of Prosecutor in Township of
Defendant—Defendant Claims New York as Pupil's Home—
Commissioner of Education Overruled Local Board—Town-
ship Procured Writ But Did Not Make Either Prosecutor or
Pupil Defendant—In Such Case Judgment Will Be of No
Effect So Far As Prosecutor's or Pupil's Rights are Con-
cerned.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the appellant, *Joseph M. Roseberry & Son.*

For the respondent, *Wall, Haight, Carey & Hartpence.*

PER CURIAM.

Application was made by Mary M. Towner to the Mans-
field township board of education, in the county of Warren,
New Jersey, to pay for the transportation of Lillian Bays-
dorf to the Hackettstown High School and tuition therein
for the year 1923. The board of education, by resolution on
July 28th, 1923, refused to pay for the transportation and
tuition of Lillian Baysdorf upon the ground that she is not
a resident of the said township of Mansfield

Thereupon, Mary M. Towner filed a petition with the state
commissioner of public instruction, setting forth that she
was a resident of the township of Mansfield; that she stood in
*locus parentes* to Lillian Baysdorf, a minor of the age of
thirteen years; that the latter had continuously resided with
her for the last two years in said township, and she appeals
to the state board of education from decision of the board

of education of the township of Mansfield declining to furnish transportation to the Hackettstown High School and tuition fees therein for Lillian on the ground that the board did not consider her a resident of the township, &c.

An answer was filed to the petition by the Mansfield township board of education, in which it set up that the petitioner kept a school advertised as the junior school for children to be educated as far as the eighth grade; that at present she has about ten or twelve pupils; that she makes it a business to furnish these children with board, and she teaches them as far as the eighth grade; that she follows this as a business and receives compensation for boarding said children: that Lillian Baysdorf is at her home, and the father pays for her board and teaching there; that the board does not consider Lillian a resident of the township, but is simply a boarder at petitioner's home; that Lillian's home is with her parents, either in New York City or Brooklyn, &c. There was a hearing had by the state board, and the testimony of Mary Towner, Lillian and her father was taken, and that of another witness. The state commissioner reversed the decision of the board of education, and held that Lillian was a resident of Mansfield township, and entitled to transportation and tuition. The board of education of Mansfield township sued out a writ of *certiorari* to review the decision of the state board of education, but neither Mary Towner nor Lillian is made a party to the proceedings here. We think both should be made parties. In the present state of the case a judgment would be of no effect so far as Mary Towner's or Lillian's legal rights were concerned. If Lillian is made a party a guardian *ad litem* would be appointed upon application to the court. Until the record is put in proper shape no further action will be taken by the court.