BOROUGH OF HASBROUCK HEIGHTS, IN THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION OF NEW JERSEY, APPELLANT, v. DIVISION OF TAX APPEALS, STATE OF NEW JERSEY, GRAND VIEW GARDENS, INC., A CORPORATION OF NEW JERSEY AND GRAND VIEW HOMES, INC., A CORPORATION OF NEW JERSEY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1957—Decided January 14, 1958.

Before Judges CLAPP and JAYNE.

*Mr. Ralph W. Chandless* argued the cause for appellant (*Messrs. Chandless, Weller & Kramer,* attorneys).

*Mr. Christian Bollermann* argued the cause for the Division of Tax Appeals (*Mr. Grover C. Richman, Jr.,* Attorney-General).

The opinion of the court was delivered by

CLAPP, S. J. A. D. This is a motion by the Borough of Hasbrouck Heights to strike from the files the brief submitted by the Attorney-General on behalf of the respondent, the Division of Tax Appeals, and to deny him the right to be heard on its behalf upon the oral argument. It appears that certain assessments, placed by the borough on apartment houses owned by Grand View Gardens, Inc. and Grand View Homes, Inc., were reduced by the county board of

taxation. The Division affirmed, and the borough brings this proceeding in lieu of prerogative writ, in the nature of an appeal, *R. R.* 4:88–8(*a*), asking the court to review the Division's judgment.

On the motion the borough contends that the Division, having proceeded below *quasi*-judicially, has no more right to submit a brief and an oral argument in this court than would the Superior Court, Law Division, on an appeal from it; that on the contrary, only the true parties in interest, *viz.*, the borough and the Grand View corporations (which in fact have all submitted briefs herein), should be permitted to participate in the appeal. With supplementary briefs on the motion now before us, this issue has, with consent of counsel, been left to Judge Jayne and me to decide, Judge Hughes the third member of this part, who heard argument on the motion, having since resigned from the court.

Preliminarily it might be well to note that the former writ of *certiorari,* when allowed, was directed to the agency, public official or inferior court having custody of the record which was to be reviewed, thus constituting the custodian an indispensable party of the proceeding. *Second Reformed Church v. Board of Adjustment,* 30 *N. J. Super.* 338, 340 (*App. Div.* 1954); *cf. Hodge v. Wells,* 15 *N. J. L. J.* 172 (*Sup. Ct.* 1892), not officially reported. Today, in pursuance of this old practice, the custodian is nearly always joined as a party to a prerogative writ proceeding (see *R. R.* 1:6–1(*b*), referring to "the other parties" and thereby indicating that the agency is one of the parties; but see *Public Service Coordinated Transport v. State,* 5 *N. J.* 196, 208 (1950)), even though such a joinder is a mere vestigial formality if the custodian's function is only to send up a certified record.

But is that the only function of the custodian? Or is the custodian—where it is an agency or public official—called upon in certain cases to take an active part in the cause? That is the question presented by the motion. We think *Rommell v. Walsh,* 127 *Conn.* 16, 15 *A. 2d* 6, 8–10

(*Sup. Ct. Err.* 1940), is an instructive opinion on the subject. There C. J. Maltbie held:

"In some appeals from administrative boards the question at issue is of consequence only to certain parties who will be directly affected, * * *. In other cases, however, there is a definite public interest to be protected. * * *

Administrative boards differ radically from courts because frequently in the performance of their duties they are representing [public interests entrusted to them by the law, as in the case of a zoning board which has the duty of establishing and maintaining a zoning system], whereas courts are concerned with litigating the rights of parties with adverse interests who appear before them. Appeals taken from decisions of such boards are in a very different category than are appeals taken from a lower to a higher court, where the lower court, having acted, ceases to have any interest in the controversy, direct or representative. * * *

* * * If the subject matter of such an appeal [from a board] does not give rise to issues affecting the public generally, the board need take no active part in the litigation but may leave it to be prosecuted by the parties directly concerned."

To somewhat like effect it was pointed out by Justice Garrison, in an interesting discussion of *certiorari* practice, that in some cases a "public agency [will have] substantial interests to be subserved," and a function to perform in the litigation, and therefore a capacity in the cause, quite apart from its duty to produce the record. *Hodge v. Wells,* 15 *N. J. L. J.* 172 (*Sup. Ct.* 1892). In accord, see *Moede v. Board of County Com'rs.,* 43 *Minn.* 312, 45 *N. W.* 435 (*Sup. Ct.* 1890); *Board of Com'rs. v. Woodford Consol. School Dist. No. 36,* 165 *Okl.* 227, 25 *P. 2d* 1057 (*Sup. Ct.* 1933); *In re Auditors' Report for Neville Tp.,* 166 *Pa. Super.* 122, 70 *A. 2d* 379, 384 (*Super. Ct.* 1950); *State v. Hix,* 132 *W. Va.* 516, 54 *S. E. 2d* 198 (*Sup. Ct.* 1949); *Board of Adjustment of City of Fort Worth v. Stovall,* 147 *Tex.* 366, 216 *S. W. 2d* 171 (*Sup. Ct.* 1949); *State ex rel. Durner v. Huegin,* 110 *Wis.* 189, 85 *N. W.* 1046, 1054, 62 *L. R. A.* 700 (*Sup. Ct.* 1901). *Cf. Cefalo v. Board of Appeal of Boston,* 332 *Mass.* 178, 124 *N. E. 2d* 247 (*Sup. Jud. Ct.* 1955); *Public Service Comm. v. Baltimore & Ohio R. R. Co.,* 260 *Pa.* 323, 103 *A.* 724 (*Sup. Ct.* 1918). But *cf.* to the contrary *Miles v. McKinney,* 174

*Md.* 551, 199 *A.* 540, 545, 546, 117 *A. L. R.* 207 (*Ct. App.* 1938); *People ex rel. Steward v. Board of Railroad Com'rs.,* 160 *N. Y.* 202, 54 *N. E.* 697, 699 (*Ct. App.* 1899), (but see *People v. Jones,* 110 *N. Y.* 509, 18 *N. E.* 432 (*Ct. App.* 1888)); *A. DiCillo & Sons v. Chester Zoning Board of Appeals,* 158 *Ohio St.* 302, 109 *N. E. 2d* 8 (*Sup. Ct.* 1952); *Appeal of Board of Adjustment, Lansdowne Borough,* 313 *Pa.* 523, 170 *A.* 867 (*Sup. Ct.* 1934), analogizing the agency to an auditor or master whose decision has been reversed, and claiming that it has no more right to appeal than he has; *McCarty v. Board of Sup'rs. of Ashland Co.,* 61 *Wis.* 1, 20 *N. W.* 654 (*Sup. Ct.* 1884); *Annotation,* 117 *A. L. R.* 216 (1938).

Commonly, where a matter has been litigated before an agency by two opposing parties and determined *quasi*-judicially, there is no warrant whatever for having the agency take an active part in the prerogative writ proceeding on the review of its determination. *Caruso v. Newark,* 15 *N. J. Misc.* 476 (*Sup. Ct.* 1937). In such a case if the determination is set aside in such a proceeding in one court, the agency cannot appeal to a higher court. *Public Service Interstate Transportation Co. v. Board of Public Utility Com'rs.,* 129 *N. J. L.* 94 (*E. & A.* 1942).

However, there are two classes of cases in which the agency should actively participate. First, there is the situation where there would be no adversary if the agency were not permitted to take part in the cause, as where it has been the prosecutor as well as the judge in a disciplinary matter (*Hornauer v. Division of Alcoholic Beverage Control,* 40 *N. J. Super.* 501 (*App. Div.* 1956)), or in a proceeding to revoke or suspend a license. *In re Berardi,* 23 *N. J.* 485 (1957); *Schireson v. State Board of Medical Examiners,* 130 *N. J. L.* 570 (*E. & A.* 1943); *Middleton v. Division, etc., Dept. of Banking and Ins.,* 39 *N. J. Super.* 214 (*App. Div.* 1956).

Second, there are not a few cases in which the interest of the public in the litigation reaches out decidedly beyond that of the immediate parties, and in connection with

which the agency has a general public duty to perform. For example, certain tax cases, where the Attorney-General has appeared for the county tax board (a state agency for certain purposes). *Baldwin Const. Co. v. Essex County Bd. of Taxation,* 16 *N. J.* 329, 336 (1954); *Switz v. Middletown Twp.,* 23 *N. J.* 580 (1957). Under this head, too, fall the cases where the public is concerned with the maintenance of uniformity in the administration of the administrative law; or where there is a decided public interest in the matter, which may be overlooked because the position taken by the agency is vigorously opposed by all other parties, *e. g.,* in some civil service appeals. See, too, *Laba v. Newark Board of Education,* 23 *N. J.* 364 (1957) (where the Attorney-General represented the State Commissioner of Education, with whose decision the other parties to the cause differed). The citations here are illustrative of a substantial body of law.

Obviously the interests of the public in cases of this second class should not be neglected. They could be cared for by requiring the Attorney-General to intervene in his own name on behalf of the public. *Cf. Public Service Coordinated Transport v. State,* 5 *N. J.* 196, 208 (1950). However, the need for such participation occurs with some frequency on a review, in any event, of the decision of a state agency pursuant to *R. R.* 4:88–8(a), the type of proceeding with which we are particularly concerned here. To require the Attorney-General to make a motion to intervene whenever the public interest should be represented, would be cumbersome, especially if the appellant's brief were not served on him. For one thing he would have difficulty in ascertaining, as each case comes along, whether the appeal presents a question of public importance; and as a result, the litigation would too often be slowed up in order to afford him an opportunity to file a late brief.

It seems to us to be more feasible to continue the practice that has grown up, namely, in connection with state agencies, of leaving it to the agency, doubtless in fact usually to its counsel, the Attorney-General, to determine,

in the first instance, whether the public interest calls for the agency's active participation in the cause. If a brief is filed where none is warranted, then a motion, such as that before us, may be made to strike it. *R. R.* 4:88-8(*a*), dealing with prerogative writ proceedings involving state agencies, dovetails into this practice by requiring the notice of appeal to be served on the Attorney-General (or some designated person in his office), as well as the agency and other parties. *R. R.* 1:7-4(*b*) also fits into the practice by requiring a statement where the Attorney-General decides not to file a brief. In short, we affirm the existing practice in this State.

What was said in *Public Service, etc., Co. v. Board of Public Utility Com'rs.*, 129 *N. J. L.* 94 (*E. & A.* 1942), surely could not have been intended as in any way opposed to the participation of the Attorney-General in the first class of cases above specified. Nor does it seem to be in opposition to his active participation in the second class of cases, if one compares that case with, *e. g., Atlantic City, etc., Co. v. Board of Public Utility Com'rs.*, 128 *N. J. L.* 359 (*Sup. Ct.* 1942), affirmed 129 *N. J. L.* 401 (*E. & A.* 1943), decided four months after the *Public Service* case. Nor do we think *Public Service Coordinated Transport v. State*, 5 *N. J.* 196 (1950), is in conflict with the views expressed here. Compare this case with *Falcey v. Civil Service Commission*, 16 *N. J.* 117 (1954), where a state agency itself petitioned for and obtained certification. It should be added, by way of answer to an argument made by the borough, that *N. J. S. A.* 52:17a-4(*e*) does not preclude the Attorney-General from appearing for a state agency on a prerogative writ proceeding or on an appeal; quite the contrary, the statute gives him an express authority to appear for the agency "in any court of this State." Nor does *N. J. S. A.* 2A:66-4, 43:21-6(*h*) or 43:21-17 indicate that an agency has the right to participate actively in a court proceeding only in the cases referred to in those statutes.

The Attorney-General on behalf of the Division claims that there is involved in this case "an important question

concerning proof of discrimination which has not yet been squarely resolved by judicial decision and on which the Attorney-General is anxious to be heard." We have not seen the briefs. However the Borough of Hasbrouck Heights does not deny this.

Motion denied, with leave to the borough to serve and file a reply brief within ten days after the receipt of a copy of this opinion.