76 N.J. Super. 531 (1962)
185 A.2d 42
WILLIAM KINGSLEY, DIRECTOR OF THE DIVISION OF TAXATION IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, APPELLANT,
v.
DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND THE TOWN OF KEARNY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENTS. THE HUDSON COUNTY BOARD OF TAXATION, APPELLANT,
v.
THE TOWN OF KEARNY, A TAXING DISTRICT IN THE COUNTY OF HUDSON, STATE OF NEW JERSEY, AND THE DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued and decided October 15, 1962.
*532 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Robert J. McCurrie argued the motion for respondent Town of Kearny, movant.
Mr. Alan B. Handler, Deputy Attorney General, argued the motion for appellants William Kingsley and respondent Division of Tax Appeals (Mr. Arthur J. Sills, Attorney General, attorney), opposed.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is a motion by the Town of Kearny to dismiss appeals brought by the Director of the Division of Taxation and by the Hudson County Board of Taxation, through the Attorney General, from a decision of the Division of Tax Appeals that certain sales of real property in Kearny should be included by the Director for purposes of his calculation of the average ratio of assessed to true value of real property in that municipality, as required in fixing the distribution of 1960 state school aid (N.J.S.A. 18:10-29.33), as well as by the county tax board for purposes of preparation of the equalization table, involving the apportionment of the burden of county taxes for 1960 among the municipalities of the county (N.J.S.A. 54:3-17). The *533 other municipalities have a pecuniary interest in the determination in the latter regard, but not as to state school aid distributable to Kearny. The motion is based on the contention that neither the Director nor the county tax board has such status or interest in the litigation as entitles them to appeal.
We disagree.
The substantive issues in this litigation were discussed in Kearny v. Div. of Tax Appeals, 35 N.J. 299 (1961), and we refer to that opinion not only to identify those issues, but also for explanation of the functions of the Director and the county tax board under the respective pertinent statutes involved. In the opinion cited, the Supreme Court directed a remand of the cases, after appeals by Kearny from administrative actions of the Director and the county tax board in respect of the sales and ratio in question, so that the Division of Tax Appeals might hold a further hearing and redetermine the matters in issue conformably with the legal principles enunciated by the court. Such a hearing took place, the matter was redetermined by the Division, and the Director and county tax board (a state agency for present purposes), considering the new determination erroneous, have appealed through their legal representative, the Attorney General, to this court.
The essence of the movant's position with regard to the Director's status is that the Division of Tax Appeals is the designated statutory appellate body in the State Department of the Treasury, the Director being merely the head of another "subordinate administrative agency" in the same Department, i.e., the Division of Taxation, and that there is nothing in the statute authorizing the Director to appeal from a determination "of his own administrative appellate tribunal established in the administrative scheme." This contention, in our judgment, is conclusively answered by the fact that in setting up the procedure for review in the Division of Tax Appeals of the table of equalized valuations prepared by the Director under the State School Aid Act *534 of 1954, the Legislature has expressly provided that upon such appeal "the director shall be entitled to be heard." N.J.S.A. 54:1-35.4. The provision of a right of notice and hearing on the part of the Director before the Division on another's appeal to that body plainly implies his right of appeal to the courts as an aggrieved party from any adverse determination by the Division in the administrative review proceedings.
In Hasbrouck Heights v. Division of Tax Appeals, 48 N.J. Super. 328 (App. Div. 1958), this court held that the Division of Tax Appeals itself, through the Attorney General, might properly defend an appeal to the Appellate Division from one of its own quasi-judicial decisions where the "interest of the public in the litigation reaches out decidedly beyond that of the immediate parties" (at p. 333). The situation presently before the court presents an a fortiori case for participation in the appeal by the Director. He acted purely in an administrative, quasi-legislative, not judicial, capacity, in fixing the ratio in question, City of Passaic v. Passaic County Bd. of Taxation, 18 N.J. 371, 384 (1955), and on the correctness of his action depends the amount of state school aid money Kearny is entitled to receive from the State for the year 1960. Obviously, a public interest is involved, and the Director has a perfectly appropriate interest in bringing before the court his complaint that the public interest will be adversely affected by the decision of the Division, just as he has in defending a ruling of the Division approving his administrative action when challenged on appeal to this court. See, e.g., Bayonne v. Division of Tax Appeals, 49 N.J. Super. 230 (App. Div. 1958). See also Rommell v. Walsh, 127 Conn. 16, 15 A.2d 6, 9, 10 (Sup. Ct. Err. 1940); cf. State Tax Commission v. Western Maryland Ry. Co., 188 Md. 240, 52 A.2d 615, 617 (Ct. App. 1947). Indeed, if the Director did not appeal, the decision of the Division of Tax Appeals would have gone unreviewed, as no other municipality is affected by the amount of state school aid received by Kearny.
*535 Public Service etc. Co. v. Bd. Pub. Util. Commrs., 129 N.J.L. 94 (E. & A. 1942), relied upon by movant, is distinguishable. It was there held that where the administrative agency had acted solely as a quasi-judicial body, and the party whose interest coincided with its decision had chosen to appeal, the agency could not appeal to the Court of Errors and Appeals from a judgment of the (former) Supreme Court setting aside its action. In the present case, the administrative official involved did not, as indicated above, act quasi-judicially. Moreover, as pointed out in our opinion in the Hasbrouck Heights case, supra, there are several exceptional situations wherein the general rule of the Public Service case must be qualified to allow the quasi-judicial body the right of appeal.
The considerations justifying the status of the county tax board as appellant are basically the same as in the case of the Director. Although the statute dealing with review before the Division, N.J.S.A. 54:2-37, does not require notice of hearing to be afforded the county board, we have the common factors militating for appellate status of the county tax board as a party in that an important public interest is involved (the relative shares to be borne by the municipalities in the burden of county government), and that the county tax board has acted as a strictly administrative, not judicial, body in fixing the county equalization table.
In resolving this appeal we have not had to consider the Attorney General's alternative argument that these appeals are, in effect, by himself as protector of the public interest, the appellants being nominal parties. See Public Service Coordinated Transport v. State, 5 N.J. 196, 208 (1950).
We conclude both the Director of the Division of Taxation and the Hudson County Board of Taxation possessed status to appeal from the decision of the Division of Tax Appeals.
Motion denied.