NICHOLAS ALBERTI, APPELLANT, v. CIVIL SERVICE COMMISSION, DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 14, 1963—Decided February 1, 1963.

196

Before Judges CONFORD, GAULKIN and KILKENNY.

*Mr. Jack B. Kirsten* argued the cause for appellant (*Messrs. Harrison and Jacobs,* attorneys; *Mr. Kirsten* on the brief).

*Mr. Martin Klughaupt* argued the cause for City of Passaic.

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. This is a motion by appellant for a reconsideration of the order of this court entered on September 4, 1962, denying his application for leave to join the City of Passaic as an additional party respondent herein and to serve a copy of the notice of appeal upon the city as within time. The city opposes the application now, as it did formerly.

A brief recital of the facts is necessary for a clarification of the issue.

Appellant, a classified civil service employee who had been employed in the Park Department of the city as a foreman, was dismissed by the city after a contested public hearing on charges alleging conduct unbecoming a public employee. He appealed his dismissal to the Civil Service Commission and,

after a *de novo* hearing before the Commission, at which both appellant and the city were represented by attorneys, the dismissal by the municipality was sustained and the appeal was dismissed. The decision of the Civil Service Commission was entered on March 5, 1962 and a copy thereof concededly was served upon appellant on March 14, 1962.

Appellant filed a notice of appeal with the Appellate Division on April 26, 1962, seeking thereby a review of the final decision of the Civil Service Commission. This was done pursuant to *R. R.* 4:88–8. Such filing was timely, being within the 45-day limitation provided in *R. R.* 1:3–1(b). Copies of the notice of appeal were served upon the Civil Service Commission and the Attorney General, as required by *R. R.* 4:88–8(a). However, appellant did not serve a copy of the notice of appeal upon the city or its attorney, despite the provision in *R. R.* 4:88–8(a) that copies of the notice of appeal must be served upon the state administrative agency and the Attorney General "and all other parties to the proceeding or their attorneys."

On August 27, 1962 appellant moved before the Appellate Division for an order permitting him to serve a notice of appeal upon, and to prosecute an appeal against, the City of Passaic. After hearing the arguments of counsel and it appearing then to the satisfaction of the court that the time within which an appeal may be taken under *R. R.* 1:3–1(b), and the extension of time which may, under proper circumstances, be permitted under *R. R.* 1:27B, had both expired, and the court then being satisfied that the appellant was not entitled to the relief sought, the motion of appellant was denied and the order of September 4, 1962, now before us for reconsideration, was entered.

There has been no appeal from the order of September 4, 1962 and no petition for a rehearing prior to the present application, which was made returnable on December 17, 1962. However, the Civil Service Commission, on November 26, 1962, moved to dismiss the appeal for lack of a necessary party, the City of Passaic. We denied the motion at that

time, without prejudice to its being renewed later, and suggested that the appellant might move for a reconsideration of the order of September 4, 1962. However, we then stated that this suggestion did not imply that we would grant the application if it was subsequently made, but only that we would then give the matter further study. The appellant has followed our suggestion with the present motion. The Civil Service Commission has also renewed its motion to dismiss for lack of a necessary party.

An appeal is taken by serving a copy of the notice of appeal upon the respondent or his attorney and filing the notice of appeal with service acknowledged or with an affidavit of service annexed thereto with the court or agency from which the appeal is being taken. Both service and filing must be complied with within the time limited by the rules which, in the instant case, was 45 days. *R. R.* 1:3–1(b). *Weaver v. North Bergen Tp.*, 6 *N. J.* 475, 478 (1951).

The requirements of the rules were observed in the present case, except that service of a copy of the notice of appeal was not made on the City of Passaic, a party to the proceeding before the Civil Service Commission, or its attorney. *R. R.* 4:88–8(a). When the time requirements for the prosecution of an appeal, either as to service or filing of the notice of appeal, have not been complied with, the Appellate Division does not have discretionary power to entertain an untimely appeal, except under *R. R.* 1:27B referred to above and subject to such powers as the court has under *R. R.* 4:88–15(c), discussed hereinafter. *In re Pfizer*, 6 *N. J.* 233, 237 (1951); *Weaver v. Tp. of North Bergen, supra.* This is so, as pointed out *In re Pfizer, supra,* even though the "lawyer * * * understood [the rules to be otherwise]" and his belief, although erroneous, was "plausible." 6 *N. J.*, at *p.* 477. This simply means that under the mandate of the Supreme Court rules the Appellate Division, or any appeal tribunal, ordinarily lacks jurisdiction to entertain an appeal taken out of time. The reason for this is that while the dismissal of an appeal for lack of timeliness may

work a hardship, "it is a well established principle in this state that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them." *In re Pfizer, supra,* 6 *N. J.,* at *p.* 239. See, too, *State v. Walker,* 14 *N. J.* 475 (1954); *Stern v. Glassen,* 10 *N. J.* 596, 599 (1952); and *In re Nuese,* 15 *N. J.* 149, 152 (1954).

We ought not to proceed with the hearing of this matter without the City of Passaic's being made a party since, in the present state of the case, a judgment would be of no effect so far as the city's legal rights are concerned.

 Prior to our present practice under *R. R.* 4:88 for review by proceedings in lieu of prerogative writs, the writ of *certiorari* would have been utilized to bring up the record of the state administrative agency for judicial review. In such instances, the jurisdiction of the former Supreme Court was complete when the writ was addressed to the governmental agency, as custodian of the record, and returned by it with the record annexed. Where it appeared that the necessary consequence of the judgment sought would be to injuriously affect the interests of third parties, or public interests not already represented in court, it was within the discretion of the reviewing court to defer judgment until those who were interested in sustaining the proceeding under review were made parties. *Towner v. Mansfield Twp. Bd. of Education,* 3 *N. J. Misc.* 448, 449, 128 *A.* 602 *(Sup. Ct.* 1925); *MacFall v. Dover,* 70 *N. J. L.* 518 *(Sup. Ct.* 1904).

 The Appellate Division has succeeded to the jurisdiction vested in the former Supreme Court to review final decisions of state administrative agencies. *R. R.* 4:88–8; *Barry v. Wallace J. Wilck, Inc.,* 65 *N. J. Super.* 130, 139 *(App. Div.* 1961). Now review is a matter of right and not dependent upon the exercise of discretion as in the case of the old prerogative writs. *N. J. Const.* 1947, *Art.* VI, *Sec.* V, *par.* 4. It seems logical to assume that the power vested in the former Supreme Court to add a party interested in the review before proceeding to a judgment may be exercised by

the Appellate Division as successor to the jurisdiction of the former Supreme Court to review final decisions of state administrative agencies. The present case is plainly a proper one for the adoption of such a course if the interests of justice so indicate in the circumstances presented. We conclude that they do, for reasons to be stated.

In addition, *R. R.* 4:88–15(c) permits the enlargement of the period of time within which to commence proceedings for review, hearing and relief in lieu of prerogative writs, "where it is manifest that the interests of justice require," and this rule seems applicable here. The city contends that *R. R.* 4:88–15(c) applies only to proceedings in the Law Division under *R. R.* 4:88–2 and not to appeals from a state administrative agency under *R. R.* 4:88–8, as to which the time limitation in *R. R.* 1:3–1(b) is applicable; and that our decision in *Howland v. City of Asbury Park,* 69 *N. J. Super.* 157 (*App. Div.* 1961), is dispositive of appellant's contention. The *Howland* case did not say that *R. R.* 4:88–15(c) did not apply to appeals from state agency decisions taken under *R. R.* 1:3–1(b). In fact, it assumed for the purpose of discussion, without expressly so holding, our expression of view in *DeNike v. Board of Trustees, etc., Retirement System,* 62 *N. J. Super.* 280, 291 (*App. Div.* 1960), affirmed 34 *N. J.* 430 (1961), that the power of enlargement to subserve the interests of justice under *R. R.* 4:88–15(c) applies both to appeals taken under *R. R.* 1:3–1(b) and to prerogative writ review under *R. R.* 4:88–15(a). Notwithstanding that assumption, we concluded in *Howland* "that the interests of justice in this case rather point the other way." 69 *N. J. Super.,* at *p.* 161.

We decided in the *DeNike* case, *supra,* 62 *N. J. Super.,* at *p.* 291, that the Appellate Division has the right, in reviewing the final decisions of state administrative agencies, to use *R. R.* 4:88–15(c) to prevent injustice. We find it unnecessary to reiterate the rationale in support thereof which is set forth in the *DeNike* opinion. See, too, *In re Regulation F-22, Office of Milk Industry New Jersey,* 30

*N. J.* 335, 340 (1959). The affirmance by the Supreme Court in *DeNike* was based upon a finding that the appeal was taken within the 45-day time limit under *R. R.* 1 :3–1(b). No mention was made by the Supreme Court of the applicability of *R. R.* 4:88–15(c) to appeals from state administrative agencies.

If *R. R.* 4:88–15(c) is applicable, as we held in *DeNike,* the issue then narrows herein as to whether it is manifest that the interests of justice require an enlargement of the time within which the appellant may serve a copy of the notice of appeal upon the City of Passaic. It is our view that justice does so require. This is not a situation in which the appellant has been completely dilatory in the prosecuting of his appeal. He did file his notice of appeal within time and did cause service of a copy thereof to be made upon the Civil Service Commission and the Attorney General. The city's pecuniary interest has not been adversely affected by the delay in the service of a copy of the notice of appeal upon it. The injury to appellant, if precluded from joining the city, outweighs any prejudice to the city caused by the delay in seeking to join it as a party.

The hearing of this appeal has probably been delayed several months because of the several motions noted above. The city should not be penalized by reason of such delay which is attributable to the fault of the appellant. Accordingly, our order allowing the appellant to join the City of Passaic as a party respondent in this appeal and to serve a copy of the notice of appeal upon it as within time will be conditioned, in the exercise of this discretion by us, upon the appellant's waiving any claim for back pay, if he is successful on this appeal, for the period covered by such delay.

Appellant's motion is granted and an order may be presented in conformity herewith. Respondent's motion to dismiss the appeal is denied. Both of these dispositions are without costs.