90 N.J. Super. 341 (1966)
217 A.2d 622
CARL STURMER, MILDRED STURMER, ROBERT WACHENDORF AND VIOLET WACHENDORF, PLAINTIFFS-APPELLANTS,
v.
THE TOWNSHIP OF READINGTON IN THE COUNTY OF HUNTERDON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF READINGTON; AND EARL HARTPENCE, BUILDING INSPECTOR OF THE TOWNSHIP OF READINGTON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1965.
Reargued December 20, 1965.
Decided March 3, 1966.
Before Judges GAULKIN, LABRECQUE and BROWN.
*342 Mr. Robert H. Wachendorf argued the cause for the plaintiffs-appellants.
Mr. Scott Scammell II argued the cause for the defendants-respondents Township of Readington, Board of Adjustment of the Township of Readington, and Earl Hartpence, Building Inspector of Township of Readington (Messrs. Large, Scammell & Danziger, attorneys).
Mr. George A. Mauro, Jr. appeared specially for Louis Spiegel and Emma Spiegel (Messrs. Beekman, Ozzard & Mauro, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The zoning board of adjustment of the Township of Readington recommended the granting of a (d) variance to Louis Spiegel and Emma Spiegel, and it was approved by the township committee. Plaintiffs challenged the grant in an in lieu proceeding in the Law Division in which the Spiegels, the zoning board, the township and its building inspector were made parties defendant. The Law Division affirmed. Plaintiffs then appealed to this court, but, according to their notice of appeal dated November 23, 1964, only from "the final judgment * * * in favor of the Township of Readington, * * * The Board of Adjustment of the Township of Readington and Earl Hartpence, * * *." The Spiegels were not mentioned in the notice of appeal and they were not served with it.
When the case came on for argument before us we asked counsel to brief the question whether the appeal must not be dismissed because of the failure to join the Spiegels. Counsel have done so, respondents taking the position that the appeal must be dismissed. We also asked counsel to inquire of the Spiegels whether they would consent to become parties to the appeal. The Spiegels refused. We then allowed plaintiffs to serve a notice of appeal upon the Spiegels, reserving the question of its timeliness. The Spiegels then appeared specially, *343 with our permission, to contest the timeliness and to urge that the appeal could not affect their rights. At our request, and without prejudice, counsel for the Spiegels also briefed the merits of the grant of the variance. We then heard further oral argument on all issues.
We conclude that the Spiegels are indispensable parties to this appeal; that the notice of appeal served upon them was a nullity because too late, and that therefore the appeal must be dismissed. Alberti v. Civil Service Commission, 41 N.J. 147, 155 (1963); Borough of Hasbrouck Heights v. Division of Tax Appeals, 48 N.J. Super. 328, 333 (App. Div. 1958).
Plaintiffs argue that in Alberti, supra, the late joinder of an indispensable party was treated as timely and that we should do the same here. We hold that Alberti is distinguishable.
In Alberti the Supreme Court held the late joinder forgivable because there had been substantial compliance with R.R. 4:88-8(a), the rule which governed that case. The case before us is governed by R.R. 1:2-8 and there has been no compliance whatever with it.
Alberti had been dismissed from his employment by the City of Passaic. He appealed to the Civil Service Commission, which sustained the dismissal, and then he appealed to the Appellate Division. R.R. 4:88-8(a) provides:
"(a) Review of the final decision or action of any state administrative agency * * * shall be by appeal to the Appellate Division. Such appeal shall be instituted by filing a notice of appeal with the Appellate Division together with an affidavit or acknowledgment of service of copies of the notice of appeal upon the agency, the Attorney General or upon any person in his office designated by him in a writing filed with the clerk of the superior court and all other parties to the proceeding or their attorneys. * * *."
Pursuant to this rule, Alberti served the Civil Service Commission and the Attorney General, but he did not serve Passaic. This would have been sufficient before 1948. As we said in Alberti, 78 N.J. Super. 194 (1963):
*344 "Prior to our present practice under R.R. 4:88 for review by proceedings in lieu of prerogative writs, the writ of certiorari would have been utilized to bring up the record of the state administrative agency for judicial review. In such instances, the jurisdiction of the former Supreme Court was complete when the writ was addressed to the governmental agency, as custodian of the record, and returned by it with the record annexed. Where it appeared that the necessary consequence of the judgment sought would be to injuriously affect the interests of third parties, or public interests not already represented in court, it was within the discretion of the reviewing court to defer judgment until those who were interested in sustaining the proceeding under review were made parties. Towner v. Mansfield Twp. Bd. of Education, 3 N.J. Misc. 448, 449, 128 A. 602 (Sup. Ct. 1925); MacFall v. Dover, 70 N.J.L. 518 (Sup. Ct. 1904)." (at p. 200)
Because that had been the state of the law before the adoption of our rules in 1948, the Supreme Court said:
"It is apparent, however, that an examination of Second Reformed Church [Second Reformed Church v. Board of Adjustment, 30 N.J. Super. 338 (App. Div. 1954)] and Hasbrouck Heights [Hasbrouck Heights v. Division of Tax Appeals, 48 N.J. Super. 328 (App. Div. 1958)], as well as the cases antedating 1948, concerning necessary parties to a prerogative writ action involving an appeal from the decision of an inferior tribunal, might lead to some confusion, and counsel could understandably be misled as to who are indispensable parties. See State v. Petrolia, 21 N.J. 453 (1956)." (41 N.J., at p. 155).
And concluded:
"We must view Alberti's conduct in the light of the foregoing. He did not utterly fail to comply with the rules governing the service and filing of appeal. He substantially complied with the rule mandate in both respects as to the Commission and the Attorney General. He failed only to serve timely notice of the appeal on the City and so failed to join a necessary party. It is admitted, as above noted, that the City had actual notice of the appeal on May 1, 1962, 47 days after Alberti was served with the decision of the Commission and was aware that the decision of the Commission was in jeopardy. The City has taken no action to its detriment in reliance upon the finality of the Commission's decision nor has it in any other way been prejudiced. The principle of repose arising from the finality of judgment is therefore not impaired by considering the present case as though timely appeal had been taken. Considering the peculiar facts and circumstances here present, we conceive that the interests of justice required *345 the Appellate Division to grant Alberti's motion [to bring in Passaic] and deny the Commission's motion [to dismiss the appeal]." (41 N.J., at pp. 156-157)
R.R. 1:2-8(a) provides that an appeal in cases such as the one at bar is taken not by serving a copy of the notice of appeal upon the agency or the municipal attorney  indeed, they are not mentioned in the rule  but "upon the attorney for the respondent * * *." Each respondent is entitled to notice of appeal; the service of a notice upon one respondent is of no effect upon another; the service upon the township and its zoning board and building inspector was of no more effect upon the Spiegels than would be the service of a notice of appeal upon a trial judge by a litigant pursuant to R.R. 1:2-8(a). There may be cases in which service on the agency alone will enable us to act, but this is not one of them. See International Union, United Auto Aerospace and Agr. Implement Workers of America, A.F.L.-C.I.O., Local 283 v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965).
However, since, in spite of Alberti and similar cases, plaintiffs' misunderstanding of the rules seems to be shared by many lawyers, we add that we have examined the merits of the grant of the variance and find that if we did not dismiss the appeal we would affirm. In passing, we note that on January 5, 1966 in Hartpence (the township's building inspector) v. Louis W. Spiegel and Emma Spiegel Chancery Division, Docket No. C-355-64, the Spiegels entered into a consent judgment which provided as follows:
"1. Defendants have a right to operate a garbage disposal business, without, however, actually disposing of garbage, on the above described premises as a nonconforming use under R.S. 40:55-48.
2. Defendants, Louis W. Spiegel and Emma Spiegel, be, and they hereby are, permanently enjoined and restrained from parking, storing or repairing at any one time more than seven trucks in connection with the nonconforming garbage disposal business conducted on the above described premises without prejudice to any rights which may accrue to them by reason of future zoning changes, variances or otherwise."
The appeal is dismissed with costs in favor of the township.