149 N.J. Super. 352 (1977)
373 A.2d 1014
GALLOWAY TOWNSHIP BOARD OF EDUCATION, RESPONDENT-APPELLANT,
v.
GALLOWAY TOWNSHIP EDUCATION ASSOCIATION, CHARGING PARTY-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1977.
Decided March 29, 1977.
*353 Before Judges BISCHOFF, MORGAN and FURMAN.
Mr. Robert J. Hrebek argued the cause for Board of Education (Messrs. Murray, Meagher and Granello, attorneys).
*354 Mr. James M. Blaney argued the cause for Education Association (Messrs. Starkey, White and Kelly, attorneys).
Mr. Sydney H. Lehmann argued the cause for Public Employment Relations Commission (Mr. David M. Wallace, General Counsel, Public Employment Relations Commission, on the brief).
The opinion of the court was delivered by FURMAN, J.S.C., Temporarily Assigned.
Respondent Association filed unfair labor practice charges against appellant board with the Public Employment Relations Commission (PERC) on September 2, 1975. An evidentiary hearing was waived upon a stipulation of facts. The parties reached a negotiating agreement for 1975-76 on April 6, 1976. PERC was so advised on April 13, 1976. The PERC order determining unfair labor practices, which is appealed from, was issued on April 28, 1976.
PERC concedes that the affirmative relief ordered by it was in fact met by the agreement of April 6, 1976. It seeks enforcement of its order to cease and desist from interference with or coercion of employees in the exercise of the right of collective negotiating, from refusal to negotiate collectively in good faith and from unilateral alteration of the terms and conditions of employment during collective negotiations. At oral argument counsel for PERC urged that the appeal was not moot because of the precedential effect of the cease and desist order, if enforced, as tending in another proceeding to show anti-union animus.
PERC jurisdiction to issue unfair labor practice cease and desist orders is to protect the statutory right of collective negotiating. At the time of its order under appeal there was no controversy before it, no pending unfair labor practice. In its brief appellant board argues: "PERC should have declined to rule on the issues presented and should have declared the matter moot by reason of a voluntary negotiated agreement between the parties." We agree.
*355 Pursuant to N.J.S.A. 34:13A-5.4(f) PERC filed with the Appellate Division a cross-application for enforcement of its cease and desist order. Because it adjudicates state as well as other governmental employment relations, it is represented not by the Attorney General but by special counsel appointed under N.J.S.A. 52:17A-13.
Its decision and order rendered three weeks following the agreement between the parties and its vigorous participation as an advocate on the appeal are without justification in its statutory authority. There was no reason to speculate that its order, if affirmed on appeal, would not have been complied with by appellant board.
Reversed with direction to vacate the order under appeal.
MORGAN, J.A.D. (concurring).
Although agreeing with the court's opinion in its entirety, I nonetheless feel compelled to expand on its one brief reference to a matter not strictly germane to the issues in the case  PERC's "vigorous participation as an advocate on the appeal."
The matter at issue concerned a dispute between the two parties to this appeal, the Galloway Township Board of Education and the Galloway Township Education Association. Both parties were ably represented by counsel on the appeal and both parties filed briefs directed to all pertinent issues. The unusual aspect of this appeal lies in the fact that PERC, the agency from whose decision appeal was taken, and not a party thereto, also filed a brief in support of its own decision. This was done, we are informed, pursuant to authority granted in N.J.S.A. 34:13A-5.4(f), which provides:
The commission shall have the power to apply to the Appellate Division of the Superior Court for an appropriate order enforcing any order of the commission issued under subsection c. or d. hereof, and its findings of fact, if based upon substantial evidence on the record as a whole, shall not, in such action, be set aside or modified; any order for remedial or affirmative action, if reasonably designed to effectuate the purposes of this act, shall be affirmed and enforced in such proceeding.
*356 PERC's brief consisted of a lengthy and vigorous argument in support of its own decision which was then under consideration by this court. It was not submitted in the form of a brief amicus curiae for essentially informative purposes; rather, it is clear to us that its primary function was to persuade us as to the validity of its decision. The same is true with respect to the appearance of PERC's counsel at the oral argument; strenuous and partisan argument was offered in support of the decision being reviewed by this court and against the positions taken by the appellant.
PERC's justification for this extraordinary procedure of arguing, orally and in writing, in support of the decision which was the subject of the appeal, is, in our view, totally inadequate. N.J.S.A. 34:13A-5.4(f) simply provides PERC with the Appellate Division as the means of obtaining enforcement of its orders, presumably when voluntary compliance therewith is refused. Nothing in this record suggests that the Galloway Board of Education would have refused compliance with PERC's orders once the appeal process had resulted in their being final. Indeed, with respect to most public agencies whose actions are subject to PERC's scrutiny, compliance will be forthcoming as a matter of course. Such agencies are ordinarily administered by officers sworn to uphold and obey the law. N.J.S.A. 34:13A-5.4(f) was not designed to intrude PERC as a party into every appeal taken from its action, investing PERC with a power not enjoyed by other similar agencies, or indeed trial level or even appellate courts, to argue the validity of its own decision.
The concern here is not with a matter of form only. Receipt of an advocate's brief from the supposedly impartial factfinder in labor disputes, not a party to an appeal from its disposition thereof, substantially deprives that agency of the aura of impartiality it must enjoy if its actions are to be given maximum effect. Frankly, we found it disquieting to confront, in oral argument, counsel for the agency whose decision we were evaluating, arguing vigorously in support *357 of the agency's action and against the party who was taking the appeal. That party cannot but help harboring some doubt concerning the impartiality with which the dispute was approached and settled, since the agency has no real stake in the outcome of the appeal except for the enforcement of its order in the event its action is affirmed.
If PERC should have some doubt as to the ultimate compliance with its orders by the losing party when the appeal process has run its course, it can, of course, file its motion for enforcement of its orders in the event of an affirmance. A simple motion would suffice for that purpose. In the rare case in which a question concerning the form of such order may arise, a brief thereon may be solicited in aid of the court's resolution of that question. A solicited brief on a specific point relating to the form of an order is a far cry from an advocate's brief voluntarily and eagerly submitted in support of its own decision. In truth, PERC's decision, indeed the decision of any similar agency, should be able to stand on its own, without argument in brief form submitted in its support.
Of course, these remarks have no application to those agencies who are parties to an appeal, such as appeals in unemployment compensation matters, appeals concerning revocations or rejections of applications for licensure, and the like. In most of those cases the agency is represented by a Deputy Attorney General and, being a proper party to the appeal, enjoys the right to file a brief and argue in support of the validity of its challenged action. These comments apply only to those agencies which settle disputes between two or more parties and which are not proper parties to an appeal from its action, such as the Division of Workmen's Compensation[1], Division of Civil Rights, the Department of Banking and other similar agencies performing dispute-settling functions. But see R. 2:5-1(e).
*358 As to PERC and other similar agencies, which fulfill the function of settling disputes between two or more parties in their delegated areas, active participation in an appeal from its decision by way of brief and oral argument is both unwise and highly improper. See Hasbrouck Heights v. Division of Tax Appeals, 48 N.J. Super. 328 (App. Div. 1958).
NOTES
[1] Now designated as the "Division of Workers' Compensation." N.J.S.A. 34:1A-5.1.